276 So.2d 547 (1973)
NATIONWIDE INSURANCE COMPANY, PINELLAS COUNTY, Florida, et al., Petitioners,
v.
Leroy C. MONROE, Respondent.
No. 72-163.
District Court of Appeal of Florida, Second District.
April 27, 1973.
W. Donald Cox and James E. Thompson, of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for petitioners.
William F. Blews, of Chambers & Blews, St. Petersburg, for respondent.
McNULTY, Judge.
In this pending wrongful death action defendants-petitioners seek review by common law certiorari of a pretrial discovery order granting plaintiff-respondent several of the items requested in a motion to produce.
The death involved herein allegedly resulted from an accident between a Pinellas *548 County Sheriff's car driven by petitioner Bragden (a deputy sheriff) and a car in which the deceased was riding. Immediately after the accident the sheriff's office began an investigation thereof; and respondent's motion to produce seeks discovery of the results of that investigation. Sought, among other things, are:
"1. Photographs of accident scene and vehicle identified in the deposition of Major Herman Vincent herein.
* * * * * *
3. The sworn statements of witnesses taken on May 8, 1970, identified more specifically by Major Herman Vincent at his deposition herein."
The trial judge denied some of the items requested in the motion to produce but ordered, "... that the defendants shall produce within ten days from the date of this order the photographs of the accident scene and vehicles and the list of witnesses for the justice of peace hearing and copies of the sworn statement of witnesses... ."
Petitioners argue that the order granting discovery departs from the essential requirements of law in that it requires production of petitioners' "work product," to their irreparable prejudice. We can agree that witnesses' statements and photographs are, ordinarily "work product"[1]when obtained by a party, his attorney or his insurer in preparation of trial.[2] Here, however, it appears from petitioner's statement of the facts, and the sparse record before us, that the items granted by the order were not the product of work by petitioners or their attorneys in the preparation of this lawsuit, but rather that the items sought were the fruits of an investigation by the Pinnellas County Sheriff's office, an agency charged with the duty generally of investigating automobile accidents.[3] Such fruits are not transformed into "work product" within the rule simply because a vehicle of that agency was involved in the accident investigated. In any case, public policy would seem clearly to militate against such transformation. Accordingly, we think, the "work product" rule should not bar production of the photographs and witnesses' statements in a situation as that before us.[4]
Petitioners not having shown a departure from the essential requirements of law, their petition for writ of certiorari must therefore be, and it hereby is, denied.
Certiorari denied.
HOBSON, J., and PIERCE, J., (Ret.), concur.
NOTES
[1] See, Fogerty Brothers v. Perkins (Fla. App. 1971), 250 So.2d 655. It must be kept in mind, though, that if these statements or photographs are to be presented as evidence they are not exempt from discovery. See, Surf Drugs, Inc. v. Vermette (Fla. 1970), 236 So.2d 108.
[2] The case in which the work product doctrine originated, Hickman v. Taylor (1947), 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, stressed that the reason for the doctrine was to protect a lawyer in preparing his case and to protect the adversary system. This portion of Hickman is quoted with approval by our Supreme Court in Surf Drugs, Inc., note 1, supra, 236 So.2d at 112.
[3] See, § 317.012, § 317.111, § 317.121, and § 317.151, F.S. 1969, F.S.A.
[4] While petitioners' sole substantive grounds for relief are predicated on the "work product" doctrine, we do not have enough information before us to determine if the order is invalid for other reasons. It should be noted, however, that if, among the witnesses' statements referred to, there were the statement of the deputy driver given in compliance with the statute requiring an accident report, such statement is immune from discovery (except as to its existence). See, Fla. Stat. § 316.066 (formerly § 317.131, 317.171). See, also, State v. Coffey (Fla. 1968), 212 So.2d 632.