**MARTINEZ v. SMITH**
Case No. 83-3753
Fifteenth Judicial Circuit, Palm Beach County
November 7, 1983

Ronald V. Alvarez, for plaintiff.

Robert D. McAliley, Brennan, McAliley, Hayskar, McAliley & Jefferson, for defendant.

VAUGHN J. RUDNICK, Circuit Judge

THIS CAUSE came on to be heard upon Plaintiff's Motion to Compel.

One of the Defendants in this lawsuit, LAURA E. SMITH, was the driver of a car involved in an intersectional collision. This automobile accident was investigated by a local police officer. Ms. Smith, accordingly, spoke to the investigating officer about her recollection of the accident as required by law. [Fla. Stat. 736.066 (1981)].

Plaintiff, while taking the deposition of Ms. Smith, asked the Defendant questions as to what this Defendant told the police officer. In accordance with her attorney's instructions, Ms. Smith refused to answer several questions along this line.

Plaintiff argues that while a statement given investigating officer might not be admissable at trial, it is discoverable. However, the case of *Nationwide Insurance Company, Pinellas County v. Monroe*, 276 So.2d 547 (2d DCA Fla. 1973), Cert. Den. 283 So.2d 366 (Fla. 1973) is dispositive of the issue at bar. In that case, the Second District Court of Appeal held a statement given in compliance with Fla. Stat. 736.066 ". . .is immune from discovery. . ."

Accordingly, the Plaintiff's Motion to Compel be and same is hereby denied.