456 So.2d 1212 (1984)
Robert G. PASTORI, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 84-1393.
District Court of Appeal of Florida, Second District.
September 12, 1984.
Rehearing Denied October 16, 1984.
Robert L. Paver of Osborne & Ciarciaglino, St. Petersburg, for petitioner.
James T. Russell, State Atty., and Ross B. Ward, Jr., Asst. State Atty., Clearwater, for respondent.
CAMPBELL, Judge.
This is a petition for writ of certiorari to review an order of the circuit court reversing the county court's order granting petitioner's motion to suppress the results of chemical breath tests, field sobriety tests and any statements petitioner may have *1213 made. We grant in part and deny in part the petition for certiorari.
On August 25, 1983, petitioner, Robert G. Pastori, Jr., was involved in an automobile accident in St. Petersburg. When the investigating officer arrived on the scene, petitioner was seated in his vehicle. Pursuant to the officer's request, petitioner exited his vehicle to sign a citation. At that point, he was read his Miranda rights and asked to perform a series of field sobriety tests. Petitioner responded by requesting an attorney. While being transported to the police station, he again asked when he could make a phone call to his attorney.
At the police station, petitioner was required to submit to a chemical breath test and additional field sobriety tests. He was then read his rights under Miranda for a second time and questioned pursuant to an alcohol influence report form. Thereupon, a second chemical breath test was administered.
Petitioner filed a motion in county court to suppress any statements he made as well as the results of the field sobriety and chemical breath tests. The court granted petitioner's motion and the state appealed to the circuit court which reversed the county court's order. Petitioner now seeks review in this court by certiorari. We deny certiorari as it relates to the suppression of the field sobriety and chemical breath tests, and grant certiorari in regard to any statements made by petitioner after he invoked his Miranda rights.
The case of Brackin v. Boles, 452 So.2d 540 (Fla. 1984) dealt with the admissibility of blood alcohol tests in a civil proceeding. The trial court and district court of appeal held that the results were inadmissable as being privileged under section 316.066, Florida Statutes (1981). The supreme court reversed and held that results of blood alcohol tests are not privileged since the statute only applies to communications "made by persons involved in accidents." Brackin at 544. Further, the court held that there is no federal or state constitutional prohibition against the admissibility of a blood sample, in either criminal or civil proceedings, and that the taking of a blood sample does not violate the fourth or fifth amendment.
Thus, on the authority of Brackin, we hold that the results of the field sobriety and chemical breath tests are admissible and the circuit court was correct reversing the county court's order in granting petitioner's motion to suppress those tests.
However, we find that the circuit court departed from the essential requirements of law in reversing the county court's order suppressing petitioner's statements because any statements which were made by petitioner after he requested an attorney and was taken into custody are inadmissible under Berkemer v. McCarty, ___ U.S. ___, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). In Berkemer, the Supreme Court held that mere roadside questioning of a motorist detained for a traffic stop does not constitute "custodial interrogation" for purposes of Miranda. However, if the motorist is subjected to treatment that renders him "in custody," then he is entitled to the protection provided by Miranda.
Moreover, any statements made by petitioner to a police officer for purposes of completing an accident report would be privileged and, thus, inadmissible. Brackin. See § 316.066(4), Fla. Stat. (1981).
Therefore, we grant certiorari concerning the suppression of the statements made by petitioner and deny certiorari regarding the suppression of the chemical breath tests and field sobriety tests.
GRIMES, A.C.J., and SCHOONOVER, JJ., concur.