460 So.2d 480 (1984)
STATE of Florida, Petitioner,
v.
Nicholas CASTELLANO, Respondent.
No. 84-312.
District Court of Appeal of Florida, Second District.
December 7, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for petitioner.
Richard D. Mars of Edmund, McDaniel & Mars, Bartow, for respondent.
*481 GRIMES, Acting Chief Judge.
The state seeks to appeal an order denying its motion to quash respondent's deposition subpoena of Roger Mallory. Since this is a nonappealable order, we treat the matter as a petition for writ of certiorari.
The respondent was charged with attempted first degree murder. In responding to a demand for discovery, the state listed Mallory as a person having information about the case. The respondent subpoenaed Mallory for the taking of his deposition. Mallory is a mediator in the Citizens Dispute Settlement Program (CDSP) in the Tenth Judicial Circuit.[1] The respondent asserts that Mallory will be able to testify that during the course of mediation the person who became the victim of the alleged attempted murder made life-threatening statements to the respondent. He maintains such testimony will support his contention of self-defense. The state filed a motion to quash the deposition subpoena urging that statements made to CDSP mediators were privileged. The court denied the motion to quash.
At the outset, we note that section 90.501, Florida Statutes (1983), provides:
90.501 Privileges recognized only as provided.  Except as otherwise provided by this chapter, any other statute, or the Constitution of the United States or of the State of Florida, no person in a legal proceeding has a privilege to:
(1) Refuse to be a witness.
(2) Refuse to disclose any matter.
(3) Refuse to produce any object or writing.
(4) Prevent another from being a witness, from disclosing any matter, or from producing any object or writing.
Thus, privileges in Florida are no longer creatures of judicial decision. Marshall v. Anderson, 459 So.2d 384 (Fla. 3d DCA 1984).
In this case, the state argues for privilege on two grounds. First, the state contends that communications made by parties in the CDSP are privileged as being in the nature of offers of compromise. However, the rule protecting offers of compromise appears to be one more of admissibility than privilege. C. McCormick, McCormick on Evidence § 274 (2d ed. 1972); 4 J. Wigmore, Wigmore on Evidence § 1061 (rev. ed. 1972). The admissibility of offers to compromise is addressed in section 90.408, Florida Statutes (1983):
90.408 Compromise and offers to compromise.  Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value.
The plain language of the provision only excludes evidence of an offer of compromise presented to prove liability or the absence of liability for a claim or its value. Therefore, even if the admissibility of such evidence could be equated with the privilege not to disclose the evidence, there is nothing in the statute remotely applicable to the testimony sought herein. This section is simply not relevant to the situation where a mediator testifies in a criminal proceeding regarding an alleged threat made by one party to another in a prior CDSP setting.
Alternatively, the state asserts that since the CDSP is an investigatory arm of the state attorney, the privilege accorded to statements made to a prosecuting attorney should be extended to those made to a CDSP mediator. See Widener v. Croft, 184 So.2d 444 (Fla. 4th DCA), cert. denied, 192 So.2d 486 (Fla. 1966). We know of no rationale to make such an extension. The parties to a CDSP program are simply attempting to resolve a dispute so that a criminal prosecution will be unnecessary. All statements are made voluntarily by persons under no legal compulsion to attend. The record reflects no authority for the *482 mediator's statement that the parties' communications were confidential. The fact that he may have so advised the parties that their communications would be held confidential does not now excuse him from being compelled by respondent to testify concerning what was said.
There is no legal basis for a privilege which would prevent the respondent from obtaining Mallory's testimony. If confidentiality is essential to the success of the CDSP program, the legislature is the proper branch of government from which to obtain the necessary protection.
Certiorari denied.
SCHEB and DANAHY, JJ., concur.
NOTES
[1] In essence, this program offers an alternative to a formal prosecution for enumerated misdemeanors.