McDONALD, Justice.
We have for review Adams v. State, 448 So.2d 1201 (Fla. 3d DCA 1984), which expressly construes a provision of the state constitution. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Adams.
The state charged James Adams with manslaughter by operation of a motor vehicle while intoxicated. The trial court denied Adams’ motion to suppress the results of a blood-alcohol test made during the accident-report phase of the police investigation. A jury convicted Adams as charged, and he appealed the denial of suppression. The district court reversed and remanded for a new trial, holding that subsection 316.066(4), Florida Statutes (1981), as well as the state constitutional protection against self-incrimination, required suppression of a blood-alcohol test made as part of the accident investigation report before the criminal investigation has begun. The district court relied on State v. Coffey, 212 So.2d 632 (Fla.1968), and State *1068 v. Mitchell, 245 So.2d 618 (Fla.1971), to support its holding.
The state contends that Brackin v. Boles, 452 So.2d 540 (Fla.1984), should control this case. We agree. In Brackin we observed that there is no federal or state constitutional bar to the admission of blood-alcohol test results in civil or criminal prosecutions. We receded from the distinctions drawn in Coffey and Mitchell between blood-alcohol tests done for purposes of accident report preparation and those done for criminal investigations. All such test results are admissible because blood-alcohol tests are not communications privileged under subsection 316.066(4). Brac-kin involved a civil prosecution, but the principle applies with equal force to the criminal prosecution in this case. The trial court correctly refused to suppress the blood-alcohol test results.
Accordingly, we quash Adams and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.