542 So.2d 367 (1988)
Charles JOHNSON, As Personal Representative of the Estate of Leonna Johnson, a Deceased Minor, On Behalf of the Estate of Leonna Johnson, and On Behalf of Saintain Eliodor and Charles Johnson, As Survivors of Leonna Johnson, Deceased, Appellants/Cross Appellees,
v.
FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, Florida Farm Bureau Mutual Insurance Company, W.E. Schlecter and Sons, Inc., Everglades Celery Corporation, James Lamar Drisdom, Pullman, Inc. D/B/a T & M Leasing, and Insurance Company of North America, Appellees/Cross Appellants.
Charles JOHNSON, As Personal Representative of the Estate of Leonna Johnson, a Deceased Minor, On Behalf of the Estate of Leonna Johnson, and On Behalf of Saintain Eliodor and Charles Johnson, As Survivors of Leonna Johnson, Deceased, Appellants,
v.
FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, Florida Farm Bureau Mutual Insurance Company, W.E. Schlecter and Sons, Inc., Everglades Celery Corporation, and James Lamar Drisdom, Appellees.
Nos. 85-482, 85-1667.
District Court of Appeal of Florida, Fourth District.
January 20, 1988.
Rehearing and Certification Denied May 26, 1989.
*368 Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Keyfetz, Poses & Halpern, P.A. and Freidin & Hirsh, P.A., Miami, for appellants/cross appellees.
John R. Beranek of Klein & Beranek, P.A., and Wiederhold, Moses & Bulfin, West Palm Beach, for appellees/cross appellants-Florida Farm Bureau Cas. Ins. Co., Florida Farm Bureau Mut. Ins. Co., W.E. Schlecter and Sons, Inc., and James Lamar Drisdom.
Roy W. Jordan, Jr., of Jordan & Stinson, P.A., West Palm Beach, for appellee/cross appellant-Everglades Celery Corp.
Marjorie Gardarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees/cross appellants-Pullman Inc. d/b/a T & M Leasing, and Insurance Co. of North America.
STONE, Judge.
The personal representative of the estate of a child who was run over by a tractortrailer appeals a judgment entered against the driver, the driver's employer, the owner of the tractor portion of the rig, and the company insuring the tractor. There are multiple issues in this appeal, cross appeal and consolidated appeal.
A few hours after the accident, the driver, Drisdom, consented to an officer's request to give a blood sample. The test results revealed a blood alcohol content of .188, a figure substantially over the statutory presumptive level of intoxication. The plaintiff sought punitive damages, in addition to compensatory damages, on the claim that Drisdom was intoxicated and that the other defendants knew, or should have known, that he had a propensity to drink and drive. The plaintiff alleged as a basis for punitive damages that Drisdom's employer, Everglades Celery Corp., was negligent in hiring Drisdom, and that the tractor owner, W.E. Schlechter and Sons, Inc., was liable for negligently entrusting the vehicle to him. The case was tried twice.
At the first trial, the court excluded evidence of the blood alcohol test results, considering it privileged under section 316.066, Florida Statutes, as part of the accident report. The trial judge thus granted the defendants' motion for a directed verdict on the issue of punitive damages, and the case went to the jury on the compensatory damages claim only. A mistrial was subsequently entered when the jury failed to reach a verdict on liability. However, the trial court entered a partial judgment on the punitive damages count. The plaintiff sought certiorari from that decision, but this court denied relief without addressing the merits of the petition. Thereafter, the Florida Supreme Court, in Brackin v. Boles, 452 So.2d 540 (Fla. 1984), determined that the statutory accident report privilege did not preclude admission of blood alcohol test results, so long as they were otherwise admissible.
Prior to the second trial, plaintiff moved to have the punitive damages order set aside in light of Brackin. The successor trial judge concluded that he was bound by the earlier partial judgment as the law of the case. However, the court did determine that the test results were admissible in the second trial on the liability issue. The jury found the driver sixty-five percent negligent, the child's mother twenty-five percent, and the father ten percent.
During voir dire, five black jurors were excused. The plaintiff contends that four of them were challenged by the defendants on the basis of race. However, although the issue was addressed, a full and complete inquiry was not made by the trial court at that time because the opinion in State v. Neil, 457 So.2d 481 (Fla. 1984), had *369 not yet been rendered. A subsequent post-trial hearing was conducted in which the trial court found, without benefit of a transcript, that the prospective jurors had not been excused due to race. The court also agreed that the plaintiff could have a transcript prepared and could schedule a future hearing should he have additional evidence to present on this issue. However, the plaintiff did not pursue the matter further.

I
We agree with the conclusion reached in City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA), dismissed, 469 So.2d 748 (Fla. 1985), that Neil applies in a civil trial. Where a party demonstrates a strong likelihood that challenges were exercised on the basis of race, the trial court must determine if there is a substantial likelihood that race was indeed the basis for the challenges, and, if so, conduct a further inquiry. However, upon a review of the record, we conclude that the post-trial hearing conducted in this case, applying the principles of Neil, was sufficient, and that appellant has failed to demonstrate reversible error on this point. See Blackshear v. State, 504 So.2d 1330 (Fla. 1st DCA 1987); Thomas v. State, 502 So.2d 994 (Fla. 4th DCA), rev. denied, 509 So.2d 1119 (Fla. 1987); Johnson v. State, 484 So.2d 1347 (Fla. 4th DCA), rev. denied, 494 So.2d 1151 (Fla. 1986). Further, there is no conflict with Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because of the sufficiency of the additional inquiry conducted.

II
Upon admission of the blood test results, there was sufficient evidence to support a prima facie claim for punitive damages against the driver. See Ingram v. Pettit, 340 So.2d 922 (Fla. 1976). With the admission of the proffered evidence, there would have also been evidence to support a prima facie case for punitive damages against the employer and vehicle owner. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981).
The trial court would not allow punitive damages to be reconsidered because of the previous partial judgment, despite the consideration that under Brackin v. Boles, the basis for the former ruling had become erroneous. See State v. Adams, 466 So.2d 1067 (Fla. 1985); Hartford Accident and Indemnity Co. v. Ocha, 472 So.2d 1338 (Fla. 4th DCA), rev. denied, 478 So.2d 54 (Fla. 1985). The successor judge erred in concluding that the previous decision on this subject was the law of the case. A denial of certiorari is not to be construed as an opinion on the merits of the petition. See Bevan v. Wanicka, 505 So.2d 1116 (Fla. 2d DCA 1987); Bing v. A.G. Edwards & Sons, Inc., 498 So.2d 1279 (Fla. 4th DCA 1986); Accent Realty of Jacksonville, Inc. v. Crudele, 496 So.2d 158 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1040 (Fla. 1987); Don Mott Agency, Inc. v. Harrison, 362 So.2d 56 (Fla. 2d DCA 1978). We therefore hold that the trial court erred in refusing to vacate the partial summary judgment on punitive damages and in failing to permit the plaintiff to present evidence in support of its punitive damages claims.

III
The defendants contend that the trial court erred in admitting into evidence the blood alcohol tests results taken at the request of the police. They allege that the test did not comply with the requirements of section 322.261, Florida Statutes (1981), Florida's implied consent statute. Subsection (1)(a) deals with the giving of a chemical breath test, and provides that the test shall be incidental to a lawful arrest and administered at the request of an officer having reasonable cause to believe the driver was under the influence of alcoholic beverages. Subsection (2)(a) discusses the test which determines the weight of alcohol in a defendant's blood, and requires that it be administered at the direction of the arresting officer in accordance with the rules and regulations adopted by the Department of Health and Rehabilitative Services.
The defendants claim that three statutory violations occurred: (1) lack of reasonable cause to administer the test; (2) lack *370 of proof that a physician or other authorized party drew the blood; and (3) failure to establish the chain of custody. However, we conclude that these claims are unfounded. Section 322.261(a), which contains the reasonable cause provision, deals only with chemical breath tests. In 1982, the legislature amended and renumbered this statute as section 316.1932, which unambiguously provides that "[t]he breath test shall be incidental to a lawful arrest and administered at the request of a law enforcement officer who has reasonable cause to believe such person was driving ... while under the influence of alcoholic beverages." (Emphasis added.) Nevertheless, in Grant v. Brown, 429 So.2d 1229 (Fla. 5th DCA), rev. denied, 438 So.2d 832 (Fla. 1983), the Fifth District Court of Appeal interpreted section 322.261 to require that the officer have reasonable cause when requesting a blood test. In any event, the record and testimony in this case reflect that reasonable cause existed.
Officer Murray, who observed Drisdom, noted alcohol on his breath, and that his eyes were bloodshot and watery. However, there is a conflict in the evidence as to whether he advised Detective Bronson of his observations on that day. Detective Bronson filled out a form at the hospital requesting a blood test in accordance with section 322.261, and later executed an affidavit stating that he had a reasonable belief that Drisdom was under the influence of alcoholic beverages at the time of the accident.
Section 322.261(2)(b) permits only a physician, registered nurse, licensed clinical laboratory technician, or other designated party to withdraw the blood. Although the defendants claim there is inadequate proof that a Dr. Garcia drew the blood, Officer Bronson was with Dr. Garcia and the driver during the procedure, and observed Dr. Garcia put the blood into vials. While the vials did not contain Dr. Garcia's initials, as required under the administrative regulations, the labels included the driver's name, and the time and date of the procedure. Thus, the circumstances in this instance indicate that the purpose of sections 322.261 and 322.262, to ensure reliable scientific evidence for use in future court proceedings and to protect the health of those being tested, was fulfilled. State v. Bender, 382 So.2d 697 (Fla. 1980).
Contrary to the defendants' contention, extensive evidence was produced at trial establishing the chain of custody of the blood samples. The test was conducted in substantial accordance with the statute and applicable regulations. The results of the blood test were thus properly admitted into evidence.

IV
During the trial, a photograph of the dead child at the accident scene was excluded from evidence because the court determined that it was gruesome and would overwhelm the jury. The plaintiff argues that the photo was relevant to the mother's damages for mental pain and suffering, since it depicted what she saw when she ran out to the accident scene. There was other evidence introduced revealing what the child's mother observed after the incident, including a long-range photograph, but none that so graphically depicted the condition of the child. Appellant correctly argues that as a general rule, a trial court should avoid efforts to "sanitize" the facts by excluding otherwise relevant evidence. See State v. Wright, 265 So.2d 361 (Fla. 1972); Breeding's Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376 (Fla. 1941). However, relevant evidence is inadmissible if its probative value is out-weighed by the danger of unfair prejudice. See § 90.403, Fla. Stat. (1985). The admissibility of photographs is generally a matter within the trial court's discretion. See Mack v. State, 346 So.2d 1229 (Fla. 3d DCA 1977); Allen v. State, 340 So.2d 536 (Fla. 3d DCA 1976). Even if the exclusion of the picture was error, we conclude that any error was harmless, as the photograph was merely cumulative evidence in light of the other testimony and exhibits introduced concerning the accident scene.

V
Subsequent to the verdict, the defendants, on January 31, 1985, tendered a *371 draft to the clerk for the amount of the judgment, which included interest through that date. This tender was not supported by an order and was refused by the clerk. On June 19, 1985, an order was entered authorizing the deposit, but only providing for interest through January 31, 1985, the date the draft was originally tendered. We find that the trial court erred in terminating interest at the time of the tender rather than the date the funds were actually deposited with the clerk. We therefore reverse as to this issue and remand for interest to be computed through the date of deposit.
We also conclude that there was no error in submitting the issue of the father's comparative negligence to the jury. See Martinez v. Rodriguez, 215 So.2d 305 (Fla. 1968); Klepper v. Breslin, 83 So.2d 587 (Fla. 1955).
We reverse and remand for a new trial on punitive damages. We find no error as to the other issues raised by the cross appeal. The amended final judgment awarding compensatory damages in favor of the appellant is affirmed.
ANSTEAD and WALDEN, JJ., concur.