572 So.2d 1020 (1991)
AMERICAN SECURITY INSURANCE COMPANY, Appellant,
v.
Kenneth HETTEL and Rovertia Muhammads, Appellees.
No. 89-02975.
District Court of Appeal of Florida, Second District.
January 9, 1991.
Gary W. Nicholson of Carson, Guemmer and Nicholson, Tampa, for appellant.
Mark Lipinski, Bradenton, for appellee Muhammads.
Richard A. Bokor, Tampa, for appellee Hettel.
LEHAN, Judge.
Defendant insurer appeals from the trial court's order granting a new trial in this personal injury action. We affirm.
The trial court gave two grounds for granting a new trial. The first was that the trial court had previously erred in overruling plaintiffs' objection to the exercise by defendant of a peremptory challenge of the only black person on the jury venire because defendant, when called upon by the court to give racially neutral reasons for the challenge, did not do so. Since we do not find that first ground erroneous, we need not deal with the second.
As held by the Third and Fourth Districts, State v. Neil, 457 So.2d 481 (Fla. 1984), which deals with peremptory challenges based upon race, applies in civil cases. Johnson v. Florida Farm Bureau Casualty Ins. Co., 542 So.2d 367 (Fla. 4th DCA 1988), review dismissed, 549 So.2d 1013 (Fla. 1989) and 551 So.2d 461 (Fla. 1989); City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA), dismissed, 469 So.2d 748 (Fla. 1985).
When plaintiffs objected to defendant's peremptory challenge of the only black person on the venire, their initial burden under Neil was carried, and the burden shifted to defendant to show racially neutral reasons for the challenge. Timmons v. State, 548 So.2d 255, *1021 257 (Fla. 2d DCA 1989). See also Green v. State, 572 So.2d 543, 544-545 (Fla. 2d DCA 1990). Thereupon, in response to the trial court's request that counsel for defendant give an acceptable reason for the challenge, defense counsel responded, "I don't like the way that he responded to my questions, Your Honor ... And he doesn't appear to be interested in this case or sitting on this jury." That response was not sufficient to justify the challenge because it did not provide "a `clear and reasonably specific' racially neutral explanation." State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), quoting Batson v. Kentucky, 476 U.S. 79, 96-98 & n. 20, 106 S.Ct. 1712, 1722-24 & n. 20, 90 L.Ed.2d 69, 87-89 & n. 20 (1986). See also Green, at 545-546.
Affirmed.
SCHEB, A.C.J., and DANAHY, J., concur.