PARKER, Judge,
concurring specially.
I agree with the majority. I write separately to focus upon a Neil[2] inquiry during jury selection.
Hill alleged that the trial court erred in connection with the prosecution’s striking of a black juror from the group of prospective jurors. Hill is black, and the victim of the crimes was white. During initial questioning of the jury, the court asked, “Have any of you ever testified as a witness in any type of litigation?” Several jurors had this experience. Maggie Patterson, a black woman, acknowledged testifying as to witnessing an altercation between the police and a man which occurred in a parking lot in Tampa seventeen or eighteen years earlier. In answering questions about this incident, Patterson did not mention the race of either participant. She stated that she would not hold the actions of individual officers many years ago against the department. The prosecutor stated that he doubted that any of the witnesses would have been on the force at that time. The state’s first challenge for cause was to a black woman with strong anti-death penalty feelings. It was successful. The state’s third peremptory challenge was to Maggie Patterson. The defense objected,[3] and the *129 court required the state to give a nonracial reason for challenging Patterson. The state at this time did not contest the trial court’s ruling that required it to show a nonracial reason for its challenge. The prosecutor explained that he challenged Patterson because of the earlier Tampa police incident that Patterson had observed. He stated that Patterson had a good memory. The prosecutor made the factually unsupported assumption that the prior incident involved a white officer and a black man and argued that Patterson would transfer this to the present case. The defense pointed out that Patterson never mentioned the race of the man or the officer, that Patterson clearly stated that she would not blame the entire police department for this incident, and that the police testimony in this case would be limited to facts about evidence gathering. The court denied the peremptory challenge. After questioning a second group of jurors, the prosecutor argued, for the first time, that the defense failed to carry its initial burden regarding the challenge to Patterson and furnished the trial court the case of Green v. State, 572 So.2d 543 (Fla. 2d DCA 1990), review denied, 581 So.2d 164 (Fla.1991). After argument, the court ruled that the defense did not meet its initial burden as set forth in Green and allowed the state to exercise the challenge against Patterson. The state then successfully challenged for cause another black juror. Patterson was one of only three jurors on which the state used peremptory challenges.
But for Green, I would agree with Hill and recommend that this matter be remanded for a new trial. The defense pointed out that Patterson was black and that nothing in the questioning revealed any reason to strike her.[4] I recognize that Patterson was the first black person peremptorily challenged; however, in State v. Slappy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), our supreme court stated that the “issue is not whether several jurors have been excused because of their race, but whether any juror has been so excused....” Slappy further concludes, “If we are to err at all, it must be in the way least likely to allow discrimination.” Slappy, 522 So.2d at 22.
The supreme court established the following as the initial burden for the party objecting to the other side’s use of a peremptory challenge:
A party concerned about the other side’s use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race.
State v. Neil, 457 So.2d 481, 486 (Fla.1984). This court, in Green, sought to clarify the initial burden aspect of challenging the state’s use of a peremptory challenge to strike a member of a distinct racial group. Green held that the defendant must demonstrate that the state engaged in a pattern of excluding a minority group or make some other showing of a strong likelihood that the challenge was solely because of race. Although Green espouses that it is merely following precedent, it does appear to require more from the defense than the trend has been since Slappy. This court has cited to Green with approval, and Green remains the law in this district. See McNair v. State, 579 So.2d 264 (Fla. 2d DCA 1991); Johnson v. State, 574 So.2d 1116 (Fla. 2d DCA 1990), review denied, 582 So.2d 623 (Fla.1991); American Security Ins. Co. v. Hettel, 572 So.2d 1020 (Fla. 2d DCA 1991).
Hill challenges Green in the following two respects: (1) Green makes the initial burden too strict and (2) once the prosecutor expresses reasons which appear to be racially motivated (as the trial court initially implicitly found in this case when it denied the peremptory challenge), then those reasons must be considered even if *130 the defendant failed to meet his initial burden.
Green’s, emphasis on a pattern seems inconsistent with Slappy’s deemphasis on numbers. Slappy also holds that any doubt that even one peremptory challenge was racially based must be resolved in the complaining party’s favor. Green’s strict standard for establishing the initial burden appears contrary to, at least in spirit, the following language of Slappy: “[W]e affirm that the spirit and intent of Neil was not to obscure the issue in procedural rules governing the shifting of burdens of proof, but to provide broad leeway in allowing parties to make a prima facie showing that a ‘likelihood’ of discrimination exists.” 522 So.2d at 21-22.
The strongest argument Hill makes is that the trial court should not be made to ignore a racially-based reason if the defendant failed to meet his initial burden. The supreme court recognized that a trial judge would be warranted in granting a mistrial[5] if the prosecutor’s explanation appeared that his challenge was racially motivated even if it had been found that the defendant had not made a prima facie showing. Reed v. State, 560 So.2d 203, 206 (Fla.), cert. denied, — U.S. -, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990). Green, however, distinguishes Reed because the Reed prosecutor voluntarily gave his reason for the challenge instead of being ordered by the court to do so. I would not make this distinction because the trial, court has a duty to ensure that no party is challenging a juror based on race once it becomes aware of this. Because the trial court in this case initially disallowed the challenge when he heard the prosecutor’s reason for striking Patterson, it obviously found that the state sought to strike Patterson because she was a black female. Form should not be elevated above substance and, in effect, allow the trial court and this court to pretend that it did not hear the prosecutor's reason. Further, it is clear that the reason the prosecutor asserted for challenging Patterson was not supported by the record. There was no record support for the assumption that Patterson observed a white police officer involved in an altercation with a black man. When the defense pointed this out to the court, the prosecutor then argued that any person who observed the incident that Patterson related might be prejudiced against the police. The trial court, however, found that Patterson “was very clear and strong in her comment ... that you don’t criticize a whole department because of one person.” Regardless of my reservations concerning the holding of Green, I am compelled to concur that this case must be affirmed under Green.

. See State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986).

. Although Patterson had a brother who was convicted of theft, a white woman, who the state did not challenge, had a son who was convicted of burglary and theft.

. The supreme court recently clarified that a granting of a mistrial is only one remedy when the trial court finds that a peremptory challenge was based upon racial bias and that a trial court may fashion a remedy appropriate to the facts of the case, including the seating of the improperly challenged juror. Jefferson v. State, 595 So.2d 38 (Fla.1992).