695 So.2d 904 (1997)
Shirley Ann WATSON, Appellant,
v.
GULF POWER COMPANY, Appellee.
No. 96-4025.
District Court of Appeal of Florida, First District.
June 23, 1997.
*905 Stephen T. Holman and Tracey Scalfano Witt of Bridgers, Gill & Holman, Pensacola, for Appellant.
J. Nixon Daniel, III and James J. Crongeyer, Jr. of Beggs & Lane, Pensacola, for Appellee.
PER CURIAM.
Shirley Ann Watson appeals the denial of her motion for a new trial, arguing that the trial court erred in overruling, following a Neil[1] inquiry, her objection to the peremptory challenge to one venire person by appellee, Gulf Power Company, and in refusing to hold a Neil inquiry with respect to appellee's peremptory challenge of a second venire person. We affirm because the appellant did not preserve these issues for appellate review.
Although the appellant made the appropriate objections to the peremptory challenges of the two jurors, before the jury was sworn appellant did not renew the objections or accept the jury subject to the earlier objections. In Mitchell v. State, 620 So.2d 1008, 1009 (Fla.1993), the Florida Supreme Court emphasized that Joiner v. State, 618 So.2d 174 (Fla.1993), created the following procedural requirement for preservation of a Neil challenge for appellate review:
[I]n order to preserve a Neil issue for review, it is necessary to call to the court's attention before the jury is sworn, by renewed motion or by accepting the jury subject to the earlier objection, the desire to preserve the issue.
By accepting the jury without calling the trial court's attention to the prior Neil objections, a party leads the court "to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection." Joiner, 618 So.2d at 176; see also Melbourne v. State, 679 So.2d 759, 765 (Fla.1996); and Schummer v. State, 654 So.2d 1215 (Fla. 1st DCA 1995).
The Joiner procedural requirement applies in the instant action even though the trial court did not formally ask the parties whether the jury panel was acceptable and even though nothing the appellant did or said could reasonably have caused the trial court to believe that she had waived her earlier Neil objections to the peremptory challenges. See Salama v. McGregor, 656 So.2d 215, 216-217 (Fla. 5th DCA 1995)(Griffin, J., dissenting). "[T]he Mitchell [-Joiner] requirement is clear and civil trial lawyers need to learn to follow it." Id. at 217.
AFFIRMED.
BOOTH and VAN NORTWICK, JJ., concur.
WOLF, J., concurs in result only.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984). Neil applies in a civil trial. American Sec. Ins. Co. v. Hettel, 572 So.2d 1020 (Fla. 2d DCA 1991); Johnson v. Florida Farm Bureau Cas. Ins. Co., 542 So.2d 367 (Fla. 4th DCA 1988), rev. dismissed, 549 So.2d 1013 (Fla.1989); City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA), dismissed, 469 So.2d 748 (Fla.1985).