VAN NORTWICK, J.
Kenneth Ellis Wetherington appeals his judgment and sentence for felony driving under the influence (DUI) following his bifurcated jury trial. Wetherington raises six issues on appeal. As correctly conceded by the State, the testimony of a police officer concerning statements made by Wetherington was erroneously admitted into evidence in contravention of the accident report privilege. Contrary to the argument of the State, we cannot find the error harmless beyond a reasonable doubt. Accordingly, we reverse and remand for a new trial. We affirm without comment the other issues raised on appeal.
Wetherington was charged with felony driving under the influence based on his involvement in a single vehicle accident in which a vehicle occupied by him and his fiancée, Mitra Snyder, crashed onto a culvert in a ditch shortly after leaving the premises of the Eagle’s Landing, an establishment known to serve alcohol. At trial, the State presented the testimony of Ernest Aviles, who testified that he was driving home on the evening in question when he noticed a set of vehicle headlights approximately 1,000 feet away swerving and making a motion in a manner consistent with being involved in an impact. Aviles testified that it took him ten to fifteen seconds to drive close enough to the vehicle so that he could see the occupants, and that upon reaching the vehicle he saw Wetherington in the driver’s seat and Snyder in the passenger seat.
The State also presented Sergeant Scott Ulrich, Alachua County Sheriffs Office, who testified that he spoke with Wether-ington in the course of investigating the traffic accident, and that Wetherington identified himself as the driver of the crashed vehicle. Defense counsel objected that this testimony was inadmissible pursuant to the accident report privilege; the trial court overruled the objection. Additionally, the State entered in evidence and published to the jury a recording of a telephone call Wetherington made while in jail subsequent to his arrest. From the court reporter’s transcription of the call as played for the jury, it is difficult to identify exactly who was speaking during certain portions of the call. Nevertheless, it appears that at one point Wetherington stated “Oh, my God. I might have just f— ruined my life, man,” and also expressed concern about the impact the news of his arrest would have on his family. The State contended that Wetherington’s statements on the jail phone calls were evidence of his consciousness of guilt for the charged offense.
During its case-in-chief, Wetherington called Snyder, who testified that she was driving the vehicle when it crashed into the culvert and that she and Wetherington switched positions inside the vehicle so that Wetherington could attempt to restart it. Snyder stated that, following the unsuccessful attempts to crank the vehicle, she and Wetherington proceeded to walk back to the Eagle’s Landing parking lot to obtain better cellphone reception and call a tow truck.
The jury returned a verdict of guilty of DUI in the first phase of the trial, and, based on Wetherington’s two prior DUI convictions, found him guilty of felony DUI following the second phase of the trial. The trial court imposed a sentence of thirty-six months’ imprisonment, followed by two years’ probation. This appeal ensued.
In Florida, the accident report privilege is a creature of statute. Under Florida law:
*586 [E]ach crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal.
§ 316.066(4), Fla. Stat. (2012);[1] see Vedner v. State, 849 So.2d 1207, 1212 (Fla. 5th DCA 2003) (“[Statements made pursuant to the requirement to give information for a crash report required by section 316.066 may not be used as evidence in civil, criminal or administrative proceedings.”). As Professor Ehrhardt explains:
The purpose of the accident report privilege is to encourage people to make an accurate report of the circumstances surrounding an accident so that the state can use the information to make the highways safer. The legislature has made the decision that in both criminal and civil actions, it is better that statements made by a defendant not be introduced before the jury than to restrict the goal of safer highways for society. Section 316.066 compels a report when there is total apparent damage of at least five hundred dollars or if a person dies or suffers bodily injury or death. The Florida legislature has recognized the constitutional mandate against self-incrimination and immunized the report and any accompanying statements from use against the person making them.
Charles W. Ehrhardt, Florida Evidence § 501.2 (West 2012 ed.).
On appeal, the State conceded that Sergeant Ulrich’s testimony that Wethering-ton stated he was the driver of the crashed vehicle was inadmissible in light of the accident report privilege. The State maintains, however, that the error in admitting evidence of Wetherington’s statement was harmless beyond a reasonable doubt because evidence that he was the driver was introduced through the recorded jail telephone calls, which were admitted independently of his erroneously admitted statement to Sergeant Ulrich. The State further contends that Aviles’ testimony was valid, direct evidence that Wetherington was the driver of the vehicle. We cannot agree.
The harmless error analysis is well-recognized: “[i]f the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful. Critically, the test is not whether there is other evidence, or even overwhelming evidence, of guilt.” Gregory v. State, 118 So.3d 770, 782 (Fla.2013) (citations omitted).
The record here reflects that the only direct evidence that Wetherington was the driver of the vehicle is the statement he gave to Sergeant Ulrich during the accident investigation. Although Aviles testified that he saw the vehicle swerve and come to a stop, that he never lost sight of the vehicle, and that he saw Wetherington in the driver’s seat of the crashed vehicle, Aviles conceded that he could not tell anything about the occupants of the vehicle until he drove up to it, which was approximately ten to fifteen seconds from the time he saw it crash. Because one must infer that Wetherington was driving based on Aviles’ having seen him in the driver’s seat after the crash, Aviles’ testimony is not direct evidence that Weth- *587 erington was in control of the vehicle when it crashed.
Moreover, while the jail phone call could be interpreted as evidence of consciousness of guilt on Wetherington’s part, the recording is also susceptible of other interpretations. For example, at one point someone, it is not clear who based on the transcript, said the charges were not true. In any event, Wetherington does not state during the recording that he was the driver.
Even if these phone calls are evidence of Wetherington’s guilt, the law is clear that the existence of other evidence of guilt, even when that other evidence is overwhelming, is not determinative in a harmless error analysis. Gregory, 118 So.3d at 782. Had Wetherington’s statement to Sergeant Ulrich been properly excluded, it is quite possible that the jury could have still found him guilty based on the other evidence, including Aviles’ and the law enforcement officers’ testimony, as well as the phone call recording from the jail, which the jury could reasonably have interpreted as evidence of consciousness of guilt, as suggested by the State. However, one would be hard-pressed to conclude beyond a reasonable doubt that Wether-ington’s erroneously admitted statement that he was driving the vehicle did not affect the verdict in this case, especially when that is the only direct evidence that he was the driver.
Accordingly, because the State has failed to establish that the erroneous admission of Wetherington’s privileged statement was harmless, we REVERSE and REMAND for a new trial.
THOMAS, J., and NORTON,VIRGINIA B., Associate Judge, concur.

. The accident report privilege is "fully operative, unless the statement made by the reporting person during the accident investigation is made after a waiver of Miranda rights or is otherwise not protected by the privilege against self-incrimination.” State v. Marshall, 695 So.2d 719, 722 (Fla. 3d DCA 1996), aff'd, 695 So.2d 686 (Fla. 1997). The record here does not indicate that Wetherington waived his Miranda rights.