NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STEVEN PAUL ANDERSON,         )
                                       )
        Petitioner,        )
                                       )
v.                             )     Case No.  2D18-2864
                                       )
MARY MITCHELL,            )
                                     )
        Respondent.     )
_____)

Opinion filed April 5, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Geoffrey Henry
Gentile, Judge.

Michael R. D'Lugo and Craig Ferrante of
Wicker, Smith, O'Hara, McCoy & Ford,
P.A., Orlando, for Petitioner.

Bryan S. Gowdy and Meredith A. Ross of
Creed & Gowdy, P.A., Jacksonville; and
Zane Berg of Schlesinger Law Offices,
P.A., Fort Lauderdale, for Respondent.


CASE, JAMES R., Associate Senior Judge.

Steven Paul Anderson seeks certiorari review of an order overruling his

objections to deposition questions and compelling additional depositions in this

automobile negligence action. Anderson asserts that the "accident report privilege" set

forth in section 316.066(4), Florida Statutes (2017), precludes the discovery of

statements made by individuals involved in the accident for the purpose of completing a crash report. However, the accident report privilege is not a true privilege precluding the disclosure of these statements; it is a law of admissibility precluding the use of these statements at trial. Accordingly, the statements are subject to discovery.

In the complaint, Mary Mitchell asserted that Anderson negligently operated his motor vehicle and struck Mitchell in a crosswalk. Anderson's wife Sandra was in the front passenger's seat of his vehicle. During the depositions of Anderson, his wife, and the investigating officers, defense counsel objected to questions about statements the Andersons made to the officers at the scene. Counsel asserted that the statements were protected from discovery under the accident report privilege in section 316.066(4), and the witnesses refused to answer those questions.

The trial court entered an order compelling the witnesses to submit to additional depositions and answer questions regarding statements the Andersons made to law enforcement at the scene. This is the order that prompted Anderson's petition for certiorari in this court. Anderson argues that the trial court departed from the essential requirements of the law by ruling that the accident report privilege in section 316.066(4) does not preclude the discovery of these statements.

"[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995). Certiorari review is appropriate in cases permitting the discovery of privileged information because "there is 'no remedy for the destruction of the privilege available on direct appeal.' "

Harborside Healthcare, LLC v. Jacobson, 222 So. 3d 612, 615 (Fla. 2d DCA 2017) (quoting Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So. 2d 504, 506 (Fla. 2d DCA 2006)).

Parties are entitled to "discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action." Fla. R. Civ. P. 1.280(b)(1). Furthermore, "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, information that is merely "inadmissible" is discoverable while information that is "privileged" is not.

The question before this court is whether the information protected under section 316.066(4) is privileged or merely inadmissible. Section 316.066(4) provides:

> Except as specified in this subsection, each crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal. . . . The results of breath, urine, and blood tests administered as provided in s. 316.1932 or s. 316.1933 are not confidential and shall be admissible into evidence . . . .

(Emphasis added.) Under the plain language of the statute, the only limitation on the information is that it may not be used as evidence at trial. There is no indication that the information is otherwise protected from disclosure. Thus, the statute makes the protected information inadmissible, not privileged.

Our conclusion is supported by a comparison of Florida statutes creating true privileges with statutes creating laws of admissibility. The legislature has created true privileges by expressly using the term "privilege," making the information

confidential, and prohibiting its disclosure. For example, the statute creating the attorney-client privilege provides, "A client has a <u>privilege</u> <u>to refuse to disclose, and to prevent any other person from disclosing</u>, the contents of <u>confidential communications</u> when such other person learned of the communications because they were made in the rendition of legal services to the client." § 90.502(2), Fla. Stat. (2017) (emphasis added); <u>see also</u> §§ 90.503(2) (using the same key terms to establish the psychotherapist-patient privilege), .504(1) (using analogous key terms to create the spousal privilege).

In comparison, the legislature has enacted several statutes like section 316.066(4) that make information inadmissible in court but do not otherwise prohibit its disclosure. <u>See, e.g.</u>, §§ 90.408 (providing that evidence of settlement negotiations "is inadmissible to prove liability or absence of liability for the claim or its value"), .409 (providing that evidence of payment of medical expenses "is inadmissible to prove liability for the injury or accident"), .410 (providing that evidence regarding pleas and plea offers "is inadmissible, except when such statements are offered in a prosecution under chapter 837").[1]

In fact, this court has recognized that some of the other statutes making information inadmissible do not create a true privilege protecting the information from disclosure. <u>See</u> <u>Sjuts v. State</u>, 750 So. 2d 732, 733 (Fla. 2d DCA 2000) (holding that

_____

[1]The legislature has also enacted statutes that provide a hybrid of the two. <u>See, e.g.</u>, §§ 395.0193(8), Fla. Stat. (2017) (providing that certain peer review information "shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider"), 766.101(5), Fla. Stat. (2017) (providing that certain medical malpractice information "shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider").

section 90.410 does not supply "a ground for refusing to answer questions during discovery"); State v. Castellano, 460 So. 2d 480, 481 (Fla. 2d DCA 1984) ("[T]he rule protecting offers of compromise [section 90.408] appears to be one more of admissibility than privilege.").

Anderson argues that this plain language interpretation of the statute conflicts with the body of law that has developed over time interpreting section 316.066(4).  See, e.g., Brackin v. Boles, 452 So. 2d 540, 544 (Fla. 1984) (holding that the purpose of section 316.066(4) "is to clothe with statutory immunity" the statements and communications a driver, owner, or vehicle occupant is legally required to make for the purpose of completing an accident report); Pastori v. State, 456 So. 2d 1212, 1213 (Fla. 2d DCA 1984) ("[A]ny statements made by petitioner to a police officer for purposes of completing an accident report would be privileged and, thus, inadmissible."); Nationwide Ins. v. Monroe, 276 So. 2d 547, 548 n.4 (Fla. 2d DCA 1973) (providing that statements given in compliance with section 316.066 are "immune from discovery").

However, the statute has changed substantially over time.  The version of section 316.066(4) in effect until 1982 provided as follows:

> All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident, and except that the department shall disclose the final judicial disposition of the case indicating which if any of the parties were found guilty.  No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident . . . .

§ 316.066(4), Fla. Stat. (1971) (emphasis added). In addition to providing that the accident reports shall not be used as evidence at trial, this version of section 316.066 expressly made the information confidential and prohibited its disclosure.

In 1982, the legislature added a sentence providing an exception to "the confidential privilege afforded by this subsection" for breath, urine, and blood tests. Ch. 82-155, § 6, Laws of Fla. (emphasis added). Based on this language, courts interpreted the statute as creating a true privilege. See Brackin, 452 So. 2d at 544; Pastori, 456 So. 2d at 1213; Monroe, 276 So. 2d at 548 n.2. And it became known as the "accident report privilege." See, e.g., Hammond v. Jim Hinton Oil Co., 530 So. 2d 995, 997 (Fla. 1st DCA 1988); Johnson v. Fla. Farm Bureau Cas. Ins., 542 So. 2d 367, 368 (Fla. 4th DCA 1988); Hill v. Allstate Ins., 404 So. 2d 156, 156 (Fla. 3d DCA 1981).

However, the legislature substantially amended the statute in 1989 by deleting (1) the term "privilege," (2) the language making the information confidential, and (3) the language prohibiting its disclosure outside of the Department. See ch. 89-271, § 2, Laws of Fla. By deleting this language, the legislature clearly intended to change the statute from a true privilege to a law of admissibility. Indeed, the legislative history provides that the statute was amended "to make it clear that statements made to an officer by a person involved in an accident shall not be admissible in court but shall otherwise be public record." Fla. H.R. Comm. on Govtl. Ops., PCB GO 89-4 (1989) Staff Analysis 4 (Mar. 31, 1989). Thus, the cases applying the pre-1989 version of section 316.066(4) are inapposite.

Unfortunately, courts have continued to refer to the statute as creating an "accident report privilege" despite the 1989 amendment. See, e.g., Perez v. State, 630

- 6 -

So. 2d 1231, 1232 (Fla. 2d DCA 1994); <u>Wetherington v. State</u>, 135 So. 3d 584, 585 (Fla. 1st DCA 2014); <u>Alexander v. Penske Logistics, Inc.</u>, 867 So. 2d 418, 420 (Fla. 3d DCA 2003). Some courts have also used language describing the post-1989 version of section 316.066(4) as making the statements both inadmissible and privileged. <u>See, e.g.</u>, <u>Perez</u>, 630 So. 2d at 1232; <u>Nelson v. State Dep't of Highway Safety & Motor Vehicles</u>, 757 So. 2d 1264, 1265 (Fla. 3d DCA 2000). However, these statements are dicta and are therefore not binding on this court.

In conclusion, the current version of section 316.066(4) does not create a true privilege precluding the disclosure of statements of individuals involved in an accident for the purpose of completing a crash report. Instead, it is a law of admissibility that precludes the use of these statements at trial. Thus, the trial court did not depart from the essential requirements of the law by ruling that statements made by the Andersons for the purpose of completing a crash report are discoverable.

Petition denied.

MORRIS and BLACK, JJ., Concur.