HOBSON, Judge.
Appellant appeals the trial court’s order granting appellee’s Motion to Suppress. Appellee-defendant had been charged by information with driving a motor vehicle while under the influence of alcoholic beverages. A police officer had observed appellee driving his panel truck in a weaving fashion across two lanes of traffic. Appellee had pulled over and had gotten out of his truck when the police officer approached him. Thereupon, the police officer asked for and received appellee’s driver’s license, noticed an odor of an alcoholic beverage and gave appellee the usual Miranda warnings. After appellee acknowledged that he understood these rights, the police officer asked him if he would take some physical sobriety tests and appellee stated that he would.
During trial, appellee’s Motion to Suppress was granted on the basis that although the usual Miranda warnings had been given, the police officer had failed to advise the defendant that he had a right to either take physical tests or refuse to take physical tests and that any conclusions or opinions testified to by the arresting officer which could conceivably have been made as a result of those tests would also be tainted and therefore inadmissible.
We must overrule the trial court’s order since the question of consent concerning such physical tests has been held to be immaterial by the Florida Supreme Court in State v. Mitchell, Fla.1971, 245 So.2d 618. Following the reasoning of the court in Mitchell, we hold that the police officer, after having observed appellee drive in a weaving fashion and then noticing the smell of alcohol on his breath, had sufficient cause to believe that appellee had committed a crime in the operation of a motor vehicle and could require him to take part in such physical sobriety tests.
Reversed and remanded for proceedings not inconsistent with this opinion.
PIERCE, C. J., and MANN, J., concur.