# STATE OF FLORIDA v DIAZ
## Case No. 88-14770
Thirteenth Judicial Circuit, Hillsborough County

January 17, 1991

### APPEARANCES OF COUNSEL

**Nicholas B. Cox,** Assistant State Attorney, for appellant.

**Victor Pellegrino, Esquire,** for appellee.

Before SUSAN C. BUCKLEW, Circuit Judge.

### OPINION OF THE COURT

Appellant, the State of Florida, appeals a pre-trial order granting Appellee's, Richard Diaz, Motion to Suppress a videotape of physical tests performed after his arrest for Driving Under the Influence.

Appellant invokes the jurisdiction of the court under Florida Statute 924.07(h) which allows the State to appeal pre-trial orders. Rule 9.140(c), Rules of Appellate Procedure, limits trial court orders appealable by the State and the order in the instant case is not an order appealable under 9.140(c). However, this court accepts certiorari jurisdiction under Rule 9.030(c)(2), Rules of Appellate Procedure. *State v Steinbrecher*, 409 So.2d 510 (Fla. 3d DCA 1982).

The issue presented to the reviewing court is did the trial judge err in suppressing the videotape of the Defendant performing physical sobriety tests? In answering the above question, the reviewing court examined the following issues:

1. Can law enforcement require a Defendant arrested for Driving Under the Influence to perform physical sobriety tests?

If a law enforcement officer has probable cause to arrest for D.U.I., he can require the Defendant to submit to physical sobriety tests. *State v Liefert*, 247 So.2d 18 (Fla. 2d DCA 1971), *State v Mitchell*, 245 So.2d 618 (Fla. 1071). Such tests do not violate either the Defendant's 4th or 5th Amendment rights, and although the tests do not lend themselves to forced performance such as a hand swab test for gunshot residue, they are compulsory.

2. Is a police officer's statement "should you refuse to perform these tests as I ask, your refusal may be used against you in a court of law, a misstatement of the law?"

Because the law enforcement officer can require the physical sobriety tests, the refusal to perform those tests may be admissible. In fact, failure to inform the Defendant that the refusal could be used against him could render testimony relating to Defendant's refusal inadmissible. A Defendant who is told of no consequence which would attach to his refusal may quite plausibly decide not to "volunteer" to do anything the police might ask, in contrast to a Defendant who knows his refusal carries with it adverse consequences. "Evidence of a Defendant's behavior is admissible if Defendant had substantial motivation not to behave as he did; however, such evidence is inadmissible because it is not probative if Defendant had no substantial motivation to behave as he did." *Herring v State*, 501 So.2d 19 (Fla. 3d DCA 1986). The statement read by the officer was not a misstatement of the law.

3. Was the statement by law enforcement misleading and thus

coercive to the Defendant who may have otherwise refused to take the tests?

The statement was not misleading and the Defendant had no right to refuse to take the physical sobriety tests. The tests are similar to a line up, fingerprinting or hand swab test. They are compulsory.

The trial court erred in suppressing the videotape. The order granting the Motion to Suppress is quashed and the case remanded back to the trial court for further proceedings in accordance with this opinion.

DONE and ORDERED in Hillsborough County, Florida, this 17th day of January, 1991.