QUINCE, Judge.
The state appeals an order of the trial court granting appellee’s motion to suppress statements and utterances made during a field sobriety test. We reverse that portion of the trial court’s order suppressing evidence after Roberta Shepard was given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Appellee filed a motion to suppress statements alleging the statements were not freely and voluntarily given, that the statements were protected by the accident report privilege, that statements in conjunction with field sobriety tests are inadmissible, and that the statements should not be admitted absent independent proof of the corpus delicti. The trial judge granted the motion to suppress finding the statements uttered in connection with the accident report were privileged and finding that the statements made in connection with the field sobriety tests were inadmissible. The state correctly argues that all statements given after Miranda warnings, including the testimonial portion of the field sobriety tests, were erroneously suppressed.
Officer Gary Kamp responded to the scene of an automobile accident. He began the investigation by asking the crowd if anyone had seen what had happened. A female, later identified as the appellee, Roberta Shepard, came forward and stated she had *612 hit the victim. Officer Kamp stated he could smell a strong odor of alcohol coming from her person. He asked for a driver’s license and asked for the location of her vehicle. She pointed to a ear located a hundred meters from the accident scene. Appellee’s husband, who appeared to be intoxicated, came up at this juncture and said they were not the persons who hit the victim. Once other officers appeared on the scene, Officer Kamp turned the investigation over to the traffic division.
When Deputy Donald Watts arrived at the scene, Officer Kamp told him that appellee was the driver of the vehicle. In response to questioning by Watts, appellee stated she was driving her vehicle westbound on Evergreen Road. She further stated a person was in the middle of the road, and she could not avoid hitting him. Because of the victim’s injuries, the deputy could not get any information from him. Watts questioned other persons at the scene and inspected the vehicle appellee indicated was involved in the accident.
After this preliminary investigation, Watts again approached appellee and advised her of her Miranda rights and her rights under the implied consent law. These rights were read from the department issued card in the officer’s possession. Appellee indicated she understood those rights and agreed to speak with the officer. Watts told her he was now conducting a criminal investigation for possible driving under the influence charges. In response to questioning, appellee repeated her statement that she was driving her vehicle and saw a person in the middle of the road. She tried to avoid hitting him but was unable to do so. Appellee’s husband indicated he was the passenger in the vehicle driven by his wife.
Appellee indicated she and her husband were coming from a lounge where she had consumed three drinks. Watts asked appel-lee to submit to a series of field sobriety tests, and she agreed. Watts administered the alphabet and heel-to-toe counting tests.
We affirm that portion of the trial court’s order suppressing statements made during the accident investigation conducted by Officer Kamp and the initial statements made to Deputy Watts. Perez v. State, 630 So.2d 1231 (Fla. 2d DCA 1994). However, the statements made to Watts after he had given appellee Miranda warnings are admissible. In State v. Norstrom, 613 So.2d 437 (Fla. 1993), the supreme court held that statements made after a motorist has been given Miranda warnings are admissible as evidence in a subsequent prosecution. Such statements may be used if made in either the accident or the criminal stage of the investigation. The operative event for purposes of determining whether the statements are admissible is informing the defendant of his/her constitutional rights.
Additionally, the statements uttered in connection with the field sobriety tests are also admissible. In Allred v. State, 622 So.2d 984 (Fla.1993), the supreme court held a driver’s response to the alphabet and counting portions of a field sobriety test is testimonial in nature requiring Miranda warnings to be given before the statements can be used as evidence. In the instant case the warnings were given, and all statements made thereafter are admissible.
The trial court’s suppression of statements and utterances made after the giving of Miranda warnings is reversed, and this case is remanded for further proceedings.
RYDER, A.C.J., and CAMPBELL, J., concur.