695 So.2d 719 (1996)
STATE of Florida, Petitioner,
v.
Burt MARSHALL, Respondent.
No. 96-1397.
District Court of Appeal of Florida, Third District.
August 14, 1996.
*720 Robert A. Butterworth, Attorney General, and Fleur J. Lobree, Assistant Attorney General, for petitioner.
Laurie D. Hall, Tavernier, for respondent.
Before COPE, GODERICH and FLETCHER, JJ.
COPE, Judge.
The state petitions for a writ of certiorari to review an order of the circuit court entered in its appellate capacity. The state urges that we adopt the interpretation of the accident report privilege set forth in State v. Riley, 617 So.2d 340 (Fla. 1st DCA 1993). We decline to do so and deny certiorari.
Defendant-respondent Burt Marshall was involved in a motorcycle accident in March of 1995. A Florida Highway Patrol Trooper arrived at the scene of the accident and performed an accident investigation. The trooper then advised defendant that he was commencing a criminal investigation. The trooper did not, however, advise defendant of his Miranda[1] rights. In response to the trooper's questions, defendant admitted that he had been drinking.
Defendant was charged with driving under the influence in violation of section 316.193, Florida Statutes ("DUI"). At trial, the county court excluded from evidence all statements made by the defendant during the accident investigation, holding that such statements were inadmissible under the accident report privilege. See § 316.066(4), Fla. Stat. (Supp.1994). Over defense objection, the court allowed the officer to testify about statements made by defendant during the criminal investigation, even though Miranda warnings had not been administered. Defendant was convicted.
On appeal, the circuit court reversed. The circuit court ruled that when the officer announced the beginning of the criminal investigation, the officer should at that time have *721 administered Miranda warnings. The court ruled that the defendant's admission that he had been drinking should not have been allowed into evidence, and found that the error was not harmless.[2] The circuit court ruled that defendant was entitled to a new trial. The state has petitioned for a writ of certiorari.
The crux of the state's argument is that the legislature's 1991 amendments to chapter 316, Florida Statutes,[3] had the effect of eliminating any requirement for a citizen to make an accident report under section 316.066, Florida Statutes. Beginning with that premise, the state argues that at present a roadside accident investigation should be viewed as nothing more than an ordinary investigatory stop under section 901.151, Florida Statutes. Since Miranda warnings are not required in an investigatory stop where defendant has not been placed under custodial arrest and is not otherwise "in custody" for Miranda purposes, see Berkemer v. McCarty, 468 U.S. 420, 435-42, 104 S.Ct. 3138, 3147-51, 82 L.Ed.2d 317, 331-36 (1984), the state urges that the defendant's admission about drinking should not have been suppressed. We do not agree with the state's analysis.
Subsections 316.066(1) and (2), Florida Statutes require the driver of a vehicle which has been involved in any manner in an accident to make an accident report if the accident resulted in bodily injury or death, or damage in an apparent amount of at least $500.[4] Because the driver is required to report, the statute excludes from evidence "each accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section ..." Id. § 316.066(4). The purpose of the statutory privilege is "to avoid a fifth amendment violation." Brackin v. Boles, 452 So.2d 540, 544 (Fla.1984). "[T]he purpose of the statute is to clothe with statutory immunity only such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2)." Id.
Once the accident investigation ends and the criminal investigation begins, the accident report privilege is not applicable. However, because subsections 316.066(1) and (2) create a statutory duty to make statements during the accident investigation, it is necessary for there to be clear advice to the reporting person at roadside that the criminal investigation has begun and that the reporting person now has a right to remain silent. See State v. Norstrom, 613 So.2d 437, 440 (Fla.1993); State v. Shepard, 658 So.2d 611, 612 (Fla. 2d DCA 1995).[5]
The state acknowledges that the foregoing was the customary procedure prior to the 1991 amendments to chapter 316. The state argues, however, that the rules have changed as a result of two 1991 amendments to chapter 316.
First, in 1991 the legislature inserted an exception into the part of section 316.066 which creates the accident report privilege. Immediately after the portion of the statute which states that "no such report or statement shall be used as evidence in any trial, civil or criminal," id. § 316.066(4), the legislature added the following: "However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the accident if that person's privilege against self-incrimination is not violated." Id. § 316.066(4) (Supp. 1994).[6]
*722 In our view, what the 1991 legislature had in mind is the kind of situation which occurred in State v. Norstrom. Norstrom involved an accident which occurred in 1988, and consequently was governed by the pre-1991 version of the statute. See 613 So.2d at 438. In that case, Norstrom was handcuffed at the scene of the accident and taken to the police station. At that time the police were conducting the accident investigation. Before questioning Norstrom the police officers advised him of his Miranda rights. Norstrom then waived his rights and made statements. Prior to trial Norstrom argued that his statements should be excluded from evidence under the accident report privilege of subsection 316.066(4). The Florida Supreme Court rejected the claim of privilege and held that the statements were admissible. 613 So.2d at 440. The court reasoned that the sole purpose of the accident report privilege is to protect the privilege against self-incrimination. Since Norstrom had waived his rights, the purpose of the accident report privilege had been satisfied and there was no basis for excluding Norstrom's statements.[7]
As we see it, the Norstrom type of situation is what the legislature contemplated when it amended the statute in 1991. Additionally, there may be other circumstances where statements made during an accident investigation are not protected by the privilege against self-incrimination. For example, "[w]hen a driver makes a spontaneous statement immediately following an accident, the driver does not make the statement for the purpose of complying with the duty to furnish an accident report and the statement is not privileged." Charles W. Ehrhardt, Florida Evidence § 501.2, at 239 (1996 ed.) (footnote omitted).
In sum, the 1991 amendment to subsection 316.066(4) created a limited exception to the accident privilege for criminal cases. The 1991 amendment did not change the fact that subsections 316.066(1) and (2) still require drivers to make accident reports. Subsection 316.066(4) carries forward the accident report privilege which remains fully operative, unless the statement made by the reporting person during the accident investigation is made after a waiver of Miranda rights or is otherwise not protected by the privilege against self-incrimination. Id. § 316.066(4).
The state's second argument is based on another part of the 1991 legislative amendments to chapter 316. In addition to amending section 316.066, which covers accident reports, the 1991 legislature also *723 amended section 316.062, which imposes a duty to give information and render aid after an accident. To that statute the legislature added the following additional language: "The statutory duty of a person to make a report or give information to a law enforcement officer making a written report relating to an accident shall not be construed as extending to information which would violate the privilege of such person against self-incrimination." Id. § 316.062(3); ch. 91-255, § 13, Laws of Florida.[8]
The state argues that this amendment to section 316.062 should be interpreted as also applying to section 316.066. The state urges that upon reading subsection 316.062(3) into section 316.066, it follows that a driver is no longer required to make a report or say anything to the investigating officer. The state's position appears to be that while there may be a duty to report, there is not a duty to say anything when making the report.[9] We do not think that the state's analysis is a plausible interpretation of the 1991 statutory amendments.
The 1991 amendments to chapter 316 were enacted in chapter 91-255, Laws of Florida. That piece of legislation added provisions regarding self-incrimination to both section 316.062 and section 316.066, Florida Statutesand used different language in each case. When the legislature amended section 316.062, regarding the duty to give information and render aid, the legislature added the limitation that there would be no duty to make a report or give information which would violate the privilege against self-incrimination. § 316.062(3), Fla.Stat. However, when the legislature amended section 316.066, it also addressed the subject of self-incrimination, but used different and far *724 more restrained language. The legislature amended the very subsection which creates the accident report privilegesubsection 316.066(4)and in so doing stated that the law enforcement officer at a criminal trial "may testify as to any statement made to the officer by the person involved in the accident if that person's privilege against self-incrimination is not violated." Tellingly, the legislature chose not to amend subsections 316.066(1) and (2), both of which compel drivers to make accident reports. Furthermore, the 1991 exception to the accident report privilege set forth in subsection 316.066(4) only applies to criminal cases, not civil cases.
Plainly if the 1991 legislature wanted to eliminate, or limit, the duty to report set forth in subsections 316.066(1) and (2), the legislature knew very well how to revise or amend those sections. The legislature did not do so. Instead, it left intact the longstanding duty to report, and created a very limited exception relating to the privilege against self-incrimination. We conclude that the accident report privilege of section 316.066 remains intact, but has been modified by the 1991 exception contained in subsection 316.066(4). We conclude that subsection 316.062(3), relied on by the state, should be interpreted as applying solely to the duty to give information and render aid set forth in section 316.062. In so holding we certify direct conflict with State v. Riley, 617 So.2d at 343. We align ourselves instead with the Second District's position in State v. Shepard, 658 So.2d at 612.
For the reasons stated, we agree with the ruling of the circuit court. The petition for writ of certiorari is denied.
Certiorari denied; direct conflict certified.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The state does not challenge the circuit court's holding that the error was not harmless.
[3] See ch. 91-255, §§ 13, 14, Laws of Fla.
[4] The accident in the present case was of sufficient magnitude to require an accident report under the statute.
[5] We reach this conclusion as a matter of Florida law. Of course, if at the end of the accident investigation the investigating officer places the defendant under custodial arrest, then Miranda warnings would be required in any event.
[6] As amended, subsection 316.066(4) provides in full:

(4) Except as specified in this subsection, each accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal. However, subject to the applicable rules of evidence, a law enforcement officer at a criminal trial may testify as to any statement made to the officer by the person involved in the accident if that person's privilege against self-incrimination is not violated. The results of breath, urine, and blood tests administered as provided in s. 316.1932 or s. 316.1933 are not confidential and shall be admissible into evidence in accordance with the provisions of s. 316.1934(2). Accident reports made by persons involved in accidents shall not be used for commercial solicitation purposes; provided, however, that use of an accident report for purposes of publication in a newspaper or other news periodical or a radio or television broadcast shall not be construed as "commercial purpose."
[7] In so holding, the court pointed out that not only had Norstrom been given his Miranda rights, but also "Norstrom was not told that he had to respond to the questions asked by the officers...." 613 So.2d at 440. The court also stated:

Further, if a law enforcement officer gives any indication to a defendant that he or she must respond to questions concerning the investigation of an accident, there must be an express statement by the law enforcement official to the defendant that "this is now a criminal investigation," followed immediately by Miranda warnings, before any statement by the defendant may be admitted.
Id. at 440-41. As we interpret it, the court is addressing the situation which would exist if, during the accident investigation phase, the investigating officer administered Miranda warnings but then at some point also told the reporting person that he or she was required to respond to questions concerning the investigation of the accident. Telling the reporting person that he or she must answer questions during the accident investigation would undo any earlier-administered Miranda warnings. It would be then necessary at the conclusion of the accident investigation to advise the reporting person that the criminal investigation was beginning and to administer new Miranda warnings.
[8] As amended, section 316.062, Florida Statutes (1993) provides:

316.062 Duty to give information and render aid.
(1) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his or her name, address, and the registration number of the vehicle he or she is driving, and shall upon request and if available exhibit his or her license or permit to drive, to any person injured in such accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and, upon request, exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if such carrying is requested by the injured person.
(2) In the event none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (1), and no police officer is present, the driver of any vehicle involved in such accident, after fulfilling all other requirements of s. 316.027 and subsection (1), insofar as possible on his part or her part to be performed, shall forthwith report the accident to the nearest office of a duly authorized police authority and submit thereto the information specified in subsection (1).
(3) The statutory duty of a person to make a report or give information to a law enforcement officer making a written report relating to an accident shall not be construed as extending to information which would violate the privilege of such person against self-incrimination.
[9] The state reasons that the reporting person is entitled to the full benefit of the privilege against self-incrimination and need not make any statements. Under that approach, the roadside accident investigation would then proceed like any other investigatory stop pursuant to section 901.151, Florida Statutes. In the ordinary roadside traffic investigation, as here, the reporting person is not "in custody" for Miranda purposes, and therefore need not be given Miranda warnings. See Berkemer v. McCarty, 468 U.S. at 435-42, 104 S.Ct. at 3147-51. In the state's view there would thus no longer be any distinction at all between the accident investigation phase and the criminal investigation phase of the case. Since in the state's view the reporting person is entitled to the right against self-incrimination and is not forced to make any statements at all during the accident investigation phase, it would follow that there would be no need to advise the reporting person when the investigation changes from traffic investigation to criminal investigation, nor would there be any need to administer Miranda warnings. Since the only deficiency in the present case was the failure to administer Miranda warnings after the investigation changed from traffic to criminal, and since defendant was not in custody for Miranda purposes, it would follow that the defendant's statements to the trooper during the criminal investigation were properly admitted into evidence at trial.