695 So.2d 686 (1997)
STATE of Florida, Petitioner,
v.
Burt MARSHALL, Respondent.
No. 88774.
Supreme Court of Florida.
June 5, 1997.
Robert A. Butterworth, Attorney General and Fleur J. Lobree and Michael J. Neimand, Assistant Attorneys General, Miami, for Petitioner.
Laurie D. Hall, Tavernier, for Respondent.
PER CURIAM.
We review State v. Marshall, 695 So.2d 719 (Fla. 3d DCA 1996), in which the court certified direct conflict with State v. Riley, 617 So.2d 340 (Fla. 1st DCA 1993). We have jurisdiction pursuant to article V, sections 3(b)(4) of the Florida Constitution.
In construing section 316.066, Florida Statutes (Supp.1988), this Court has stated:
To clarify our decision, we emphasize that the privilege granted under section 316.066 is applicable if no Miranda warnings are given. Further, if a law enforcement officer gives any indication to a defendant that he or she must respond to questions concerning the investigation of an accident, there must be an express statement by the law enforcement official to the defendant that "this is now a criminal investigation," followed immediately by Miranda warnings, before any statement by the defendant may be admitted.
State v. Norstrom, 613 So.2d 437, 440-41 (Fla.1993). We cannot say that the 1991 amendments to that statute and section 316.062, Florida Statutes (Supp.1988), affect our holding in Norstrom. If the legislature had intended to eliminate the statutory requirement that drivers give accident reports to investigating officers, it would have said so in clearer language.
*687 Accordingly, we approve the decision of the court below, adopt its opinion as our own, and disapprove State v. Riley.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.