711 So.2d 597 (1998)
Johnny FAIRES, Petitioner,
v.
The STATE of Florida, Respondent.
No. 97-1403.
District Court of Appeal of Florida, Third District.
April 29, 1998.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for Petitioner.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for Respondent.
*598 Before COPE, GREEN and SORONDO, JJ.
SORONDO, Judge.
Johnny Faires petitions this Court for a Writ of Certiorari to quash the opinion of the appellate division of the circuit court affirming his conviction and sentence for driving under the influence.
Faires was charged by uniform traffic citation with driving under the influence. At the time of his arrest he refused to sign the citation and refused the breathalyzer test. Prior to trial, Faires filed a motion in limine seeking to exclude any testimony from the arresting officer, Trooper Dunn, concerning the administration and interpretation of the horizontal gaze nystagmus (HGN) test.[1] This motion was denied. At trial, Dunn was allowed to testify that based on the HGN test he conducted on Faires at the time of his arrest, Faires' blood alcohol content (BAC) was .20, more than double the legal limit. This was error.
In Williams v. State, 710 So.2d 24 (Fla. 3d DCA 1998), this Court held that
HGN test results alone, in the absence of a chemical analysis of blood, breath, or urine, are inadmissible to trigger the presumption provided by Section 316.1934, and may not be used to establish a BAC of 0.08 percent or more.
Id., at 36. See also State v. Bresson, 51 Ohio St.3d 123, 554 N.E.2d 1330, 1336 (1990); State v. O'Key, 321 Or. 285, 899 P.2d 663, 681 (1995).
In Williams, this Court quoted from the seminal case in HGN admissibility, State v. Superior Court In and For Cochise County, 149 Ariz. 269, 718 P.2d 171, 181 (1986), which sought to explain why such testimony should be barred:
Such a use of HGN test results would raise a number of due process problems different from those associated with the chemical testing of bodily fluids. The arresting officer's `reading' of the HGN test cannot be verified or duplicated by an independent party.... The test's recognized margin of error provides problems as to criminal convictions which require proof of guilt beyond a reasonable doubt. The circumstances under which the test is administered at roadside may affect the reliability of the test results. Nystagmus may be caused by conditions other than alcohol intoxication....
Williams, 710 So.2d at 36 n. 22 (emphasis added) (citations omitted). See also State v. Taylor, 694 A.2d 907, 912 (Me.1997); Emerson v. State, 880 S.W.2d 759 (Tex.Crim.App.), cert. denied, 513 U.S. 931, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994).
Based on the holding of Williams, Trooper Dunn should not have been allowed to testify as to Faires' BAC on the sole basis of the results of the HGN test. We therefore conclude that the Circuit Court's affirmance of Faires' conviction and sentence constituted a departure from the essential requirements of law.[2]
We grant the Petition for Certiorari. The opinion of the appellate division of the Circuit Court is quashed and the case is remanded to the County Court for a new trial.
Certiorari granted.
NOTES
[1] For a thorough explanation of this test see Williams v. State, 23 Fla. L. Weekly D752 (Fla. 3d DCA Mar. 18, 1998). See also State v. Meador, 674 So.2d 826 (Fla. 4th DCA), review denied, 686 So.2d 580 (Fla.1996).
[2] In fairness to the lower courts, we note that the trial of this case and the appeal to the Circuit Court were conducted before the publication of our decision in Williams.