COPE, J.
The State appeals an order suppressing the results of roadside sobriety exercises *809 performed by defendant-appellee Brian Whe-lan. We reverse.
I.
After an automobile accident in the Florida Keys, defendant was detained at the accident scene. He was initially handcuffed, then released. He was asked to perform roadside sobriety tests, which he failed. He was charged with felony driving under the influence (“DUI”) in violation of section 316.193, Florida Statutes (1997), and other offenses.
On motion by defendant, the trial court suppressed the results of the roadside sobriety tests because Miranda[1] warnings were not given and because he was not advised that he had the right to refuse to take the roadside sobriety tests. The State has appealed the suppression order insofar as it bars the results of purely physical roadside tests, such as the Horizontal Gaze Nystag-mus (“HGN”) test, the finger-to-nose test, the walk-and-turn test, and the one-legged-stand test. The State’s position is well taken.
II.
We must begin by considering the rules applicable to an ordinary roadside traffic stop. In such a stop, “persons temporarily detained ... are not ‘in custody1 for purposes of Miranda.” Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)[2], see Pennsylvania v. Bruder, 488 U.S. 9, 11, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988); State v. Marshall, 695 So.2d 719, 721 (Fla. 3d DCA 1996), opinion adopted, 695 So.2d 686, 687 (Fla.1997). Miranda warnings need not be administered, and statements made in response to the police officer’s questions at roadside are admissible. See Berkemer, 468 U.S. 420 at 442, 104 S.Ct. 3138, 82 L.Ed.2d 317.
Thus, so long as the motorist is not “in custody” for Miranda purposes, no Miranda warnings need be given prior to the administration of roadside sobriety tests. This is true regardless of whether the roadside sobriety tests are of physical coordination, such as the finger-to-nose test, the walk-and-turn test, and the one-legged-stand test; tests of physical response, such as the HGN test[3]; or tests of mental acuity, such as a request to count numbers or recite portions of the alphabet. If the motorist is not “in custody” for Miranda purposes, roadside sobriety test results are not subject to suppression for failure to administer Miranda warnings. See State v. Burns, 661 So.2d 842, 844-45 (Fla. 5th DCA 1995); see also Smith v. State, 236 Ga.App. 548, 512 S.E.2d 19 (1999); State v. Peele, 298 S.C. 63, 378 S.E.2d 254 (1989).
in.
The present case differs from the ordinary roadside stop because defendant was handcuffed. The record does not disclose the circumstances of the handcuffing or the length of the detention. For present purposes the State concedes that the defendant should be viewed as being “in custody” for Miranda purposes. Because of the lack of Miranda warnings, the trial court suppressed the roadside sobriety test results in their entirety.
Whether Miranda warnings are required prior to the administration of roadside sobriety tests for an “in custody” motorist depends on whether the test is designed to elicit a testimonial, or nontestimonial, response. See Pennsylvania v. Muniz, 496 U.S. 582, 590-600, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990).
A request that an “in custody” motorist count, or recite the alphabet, calls for testimonial evidence for Fifth Amendment purposes, and requires Miranda warnings. *810 See Allred v. State, 622 So.2d 984, 986-87 (Fla.1993); State v. Burns, 661 So.2d 842, 846-47 (Fla. 5th DCA 1995); see also Pennsylvania v. Muniz, 496 U.S. at 592-600, 110 S.Ct. 3648. The trial court correctly suppressed the recitation of the alphabet by the defendant because there were no Miranda warnings. The State does not challenge that part of the suppression order on this appeal.[4]
By contrast, Miranda warnings are not required for roadside tests of a driver’s physical coordination. That is so because a test of physical coordination generates a non-testimonial response and is not protected by the Fifth Amendment. See Pennsylvania v. Muniz, 496 U.S. at 592, 110 S.Ct. 2638; All-red, 622 So.2d at 986-87; Burns, 661 So.2d at 846-47. The same logic applies to a test of a physical reaction to an outside stimulus, such as the HGN test. The trial court erred in suppressing the results of those tests for lack of Miranda warnings, as no Miranda warnings were required.
IV.
Defendant contends that the result should be otherwise on account of State v. Marshall, 695 So.2d 719 (Fla. 3d DCA 1996), opinion adopted, 695 So.2d 686, 687 (Fla.1997). That case interpreted the accident report privilege and stated:
Subsections 316.066(1) and (2), Florida Statutes require the driver of a vehicle which has been involved in any manner in an accident to make an accident report if the accident resulted in bodily injury or death, or damage in an apparent amount of at least $500. Because the driver is required to report, the statute excludes from evidence “each accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section ...” Id. § 316.066(4). The purpose of the statutory privilege is “to avoid a fifth amendment violation.” Brackin v. Boles, 452 So.2d 540, 544 (Fla.1984). “[Tjhe purpose of the statute is to clothe with statutory immunity only such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2).” Id.
Once the accident investigation ends and the criminal investigation begins, the accident report privilege is not applicable. However, because subsections 316.066(1) and (2) create a statutory duty to make statements during the accident investigation, it is necessary for there to be clear advice to the reporting person at roadside that the criminal investigation has begun and that the reporting person now has a right to remain silent.
695 So.2d at 721 (footnote and citations omitted).
Defendant argues that under Marshall, the officer was required to advise the defendant at roadside when the accident investigation ceased and the criminal investigation began, and was required to administer Miranda warnings at that time. Since that was not done, defendant urges that the test results must be suppressed in their entirety.
Defendant is in error on the suppression argument. The statute and Marshall are intended to protect the motorist’s Fifth Amendment right to be free from testimonial compulsion. They do not apply to nontesti-monial conduct like the defendant’s responses to purely physical roadside tests. See Brackin v. Boles, 452 So.2d 540, 542-44 (Fla.1984).
V.
The trial court also ruled that prior to administering pre-arrest field sobriety tests, the officer must inform the motorist that he *811 or she has a right to refuse to perform such tests. We differ with the trial court on this point as well.
The suppression order, and the motion to suppress, proceed on the premise that as a prerequisite for obtaining a valid consent, the Fourth Amendment to the United States Constitution requires that the officer advise the motorist of the right to refuse to perform the roadside sobriety exercises. However, the Fourth Amendment does not require any such warning of a right to refuse. “[I]t would be thoroughly impractical to impose on the normal consent search the detailed requirements of an effective warning.” Schneckloth v. Bustamonte, 412 U.S. 218, 231, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); see Ohio v. Robinette, 519 U.S. 33, 39, 117 S.Ct. 417, 421, 136 L.Ed.2d 347 (1996).
In saying that the officer must advise the motorist of a right to refuse to take roadside sobriety tests, the trial court relied on State v. Taylor, 648 So.2d 701 (Fla.1995), and a circuit court decision construing it, State v. Einbinder, 4 Fla. L. Weekly Supp. 669 (Fla. Cir. Ct. Jan 31, 1997). The trial court’s reliance on Taylor was misplaced, and Ein-binder is wrongly decided.
The Taylor decision involved a very different issue, namely, the question whether a DUI suspect’s refusal to submit to pre-arrest field sobriety tests is admissible in evidence. See 648 So.2d at 702. The court concluded that under the circumstances there presented (the motorist had been given a choice whether to submit to the tests), there was no violation of the Fourth or Fifth Amendments or the Due Process Clause in admitting the refusal into evidence. See id. at 704.[5]
The Taylor decision has no application here. In the present case, there was no roadside refusal by defendant. Instead, the defendant submitted to the roadside sobriety tests and now seeks to suppress the results. Neither the Taylor decision nor the Fourth Amendment requires the officer at roadside to warn the motorist of a right to refuse to perform roadside sobriety tests. That being so, the trial court erred in suppressing those roadside sobriety test results.
VI.
As an alternative ground for suppression of the HGN test results, the defendant argues that such results are inadmissible in light of this court’s recent decisions in Williams v. State, 710 So.2d at 36, and Faires v. State, 711 So.2d 597, 598 (Fla. 3d DCA 1998). Both of those decisions were announced after the entry of the suppression order now on appeal. Our reversal is without prejudice to the defendant to raise the issue in the trial court.
Reversed and remanded for further proceedings consistent herewith.[6]

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. This rule is subject to the qualification that "[i]f a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him ‘in custody’ for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda." Id. (citation omitted).

.In the HGN test, the motorist is asked to track an object that the officer moves from side to side, while the officer watches the eyes to detect involuntary jerking. See Williams v. State, 710 So.2d 24, 29 n. 7 (Fla. 3d DCA 1998).

. Although not at issue here, the Allred and Bums courts point out that an otherwise suppressible testimonial response may, in a proper case, be admissible for a nontestimonial purpose. Thus:
[U]nder Allred, an officer may testify that a defendant in custody slurred his speech when he performed the requested recitations, but the fact that he performed poorly, e.g., could not complete the alphabet, could not be brought out unless defendant had been Mirandized. If the State wants to be able to introduce evidence demonstrating a defendant’s poor level of performance (as opposed to manner of performance); the State must first give a defendant Miranda warnings. The failure to so warn a defendant does not, however, result in the- suppression of evidence of a defendant's manner of performance.
Burns, 661 So.2d at 847.

. The court reasoned by analogy to South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), which involved a suspect's refusal to submit to a post-arrest blood-alcohol test. See 648 So.2d at 704.

. For the first time on appeal, defendant argues that there was no founded suspicion to conduct a DUI investigation in this case. That issue was not raised below and we do not consider it here. A fair reading of the motion is that it did not dispute the lawfulness of the roadside detention following the defendant’s automobile accident. Further, the motion stated that the officer had "request[ed] defendant to perform voluntary pre-arrest roadside sobriety tests (emphasis added). (R. 10). The motion to suppress argued that suppression was required in the absence of Miranda warnings and a warning of a right to refuse to take the tests.