745 So.2d 1108 (1999)
Shawn BOWEN, Petitioner,
v.
The STATE of Florida, Respondent.
No. 99-301.
District Court of Appeal of Florida, Third District.
December 8, 1999.
Bennett H. Brummer, Public Defender, and Suzanne M. Froix, Assistant Public Defender, for petitioner.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for respondent.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
COPE, J.
Defendant-petitioner Shawn Bowen seeks certiorari review of a decision of the circuit court acting in its appellate capacity which affirmed petitioner's conviction for driving under the influence of alcohol ("DUI"). We deny the petition.
Suspecting that defendant was driving while impaired, a Highway Patrol trooper stopped defendant's vehicle and performed roadside sobriety testing. This included testing for horizontal gaze nystagmus ("HGN").[1] The trooper arrested defendant *1109 for driving under the influence. The breath test results were .108 and .101, both readings being in excess of the .08 legal limit.[2]
Prior to trial, defendant sought to exclude any testimony by the trooper about the HGN test. Defendant argued that under this court's ruling in Williams, only a Drug Recognition Evaluator ("DRE") was qualified to administer, or testify about, HGN testing. See Williams, 710 So.2d at 32.
At the hearing on defendant's motion, the trooper testified that he received training on HGN testing during his 40-hour basic DUI training at the Highway Patrol Academy, and had administered HGN roadside testing approximately 1000 times. The court ruled that the trooper could testify concerning his administration of the test.
At trial, the trooper testified concerning petitioner's driving that night and the roadside sobriety tests administered to defendant. The trooper explained what he did in administering the HGN test and that the movements of defendant's eyes suggested intoxication. The jury was informed of the breathalyser test results of.108 and .101. The State also presented testimony from a DRE for a more detailed explanation of HGN testing.[3]
Defendant was convicted. He appealed to the appellate division of the circuit court claiming that the court improperly admitted the HGN test evidence because the trooper who testified concerning the test was not a certified DRE. The circuit court held that the county court did not abuse its discretion in admitting the trooper's HGN test evidence. The court further determined that, in the alternative, if the admission of the HGN test evidence was error, it was harmless because the evidence of guilt against petitioner was overwhelming. The court, however, certified the following question to be of great public importance:
Does the court take judicial notice that HGN test results are admissible into evidence once a proper foundation has been laid that the test was correctly administered by an officer properly trained and qualified to administer an HGN test, but who is not certified as a DRE?[4]
Defendant has petitioned for a writ of certiorari.
We conclude that the county court and circuit court rulings were correct. The trooper had completed the prescribed course of DUI training at the Highway Patrol Academy, which included instruction on HGN testing, and had performed the test approximately 1000 times. It was permissible for the trooper to explain to the jury the roadside sobriety testing he performed, including the HGN test, which led up to the decision to arrest the defendant. While the defendant expresses concerns about the reliability of the HGN test at roadside, the case law in this district addresses that problem by holding that there must be a confirmatory blood, breath, or urine test before HGN evidence is admissible. See Faires v. State, 711 So.2d 597, 598 (Fla. 3d DCA 1998); Williams, 710 So.2d at 36.
It is true that Williams said, "The ... HGN test was properly administered by a qualified DRE and thus there was no abuse of discretion in the trial court's admission of the evidence." 710 So.2d at 32 (citation omitted). In that case, however, *1110 the roadside testing had been done by two DREs. See id. at 25-26. The question now before us was not addressed in the Williams case.
As the evidence was properly admitted, the petition for writ of certiorari is denied.
NOTES
[1] "Nystagmus is an involuntary jerking of the eyeball that can be aggravated by drugs or alcohol." Williams v. State, 710 So.2d 24, 29 n. 7 (Fla. 3d DCA 1998), review denied, 725 So.2d 1111 (Fla.1998). As explained in Williams:

"In the HGN test the driver is asked to cover one eye and focus the other on an object (usually a pen) held by the officer at the driver's eye level. As the officer moves the object gradually out of the driver's field of vision toward his ear, he watches the driver's eyeball to detect involuntary jerking. The test is repeated with the other eye."
Id. (citation omitted).
[2] The date of the offense was August 23, 1996.
[3] The DRE did not participate in the arrest or administer the test to defendant.
[4] There is no formal procedure for the circuit court to certify a question to this court, but the point of the circuit court opinion and certified question was to ask this court to clarify the Williams decision.