PER CURIAM.
Basilio Blanco, Jr., appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Blanco claims that his counsel was ineffective for failing to file a pretrial motion to suppress and for failing to make timely objections at trial based upon the accident report privilege pursuant to section 316.066, Florida Statutes (1996). Because the trial court’s attachments fail to refute Blanco’s claims, we reverse.
Blanco alleges that he made incriminating statements to police officers during the investigation of an automobile accident that his counsel neither moved to suppress, nor objected to at trial. Specifically, Blanco states that he told the investigating officers that he was the driver of the automobile involved in the accident, how fast he was driving when the accident occurred, and how the accident occurred.
The excerpt of the trial transcript attached to the trial court’s order shows that Blanco’s attorney did not know about the accident report privilege until Blanco’s trial was well underway. Until that point, Blanco’s counsel was unaware of the need to file a pretrial motion to suppress, and he did not object to any testimony that may have been privileged. See State v. Marshall, 695 So.2d 719, 721 (Fla. 3d DCA 1996) (stating that section 316.066 excludes from evidence “each accident report made by such person to a law enforcement officer for the purpose of completing an accident report”).
In denying Blanco’s rule 3.850 motion, the trial court reasoned that since a suppression hearing was held during Blanco’s trial and the motion to suppress was denied, Blanco suffered no prejudice by his attorney’s failure to move to suppress his statements and object to any statements that may have been privileged. By the time Blanco’s mid-trial suppression issues were considered by the court, however, the State had completed its opening argument and finished presenting the testimony of one of the investigating officers. The prosecutor argued that because Blanco failed to file a pretrial motion to suppress, he had made two of Blanco’s statements the primary feature of the trial. Moreover, the prosecutor argued he had already elicited certain statements made by Blanco to the investigating officers during the State’s case-in-chief, without any objection from Blanco’s counsel.
From the limited record before this court, we cannot determine whether Blan-co was prejudiced by the inclusion of this potentially privileged evidence. The trial court’s attachments do not, however, refute Blanco’s claims. We accordingly reverse. Upon remand, the trial court is required to either conduct an evidentiary hearing, or attach to its order portions of the record conclusively refuting the claims.
Reversed and remanded.
BLUE, A.C.J., and FULMER and NORTHCUTT, JJ., Concur.