SORONDO, J.
The State of Florida petitions for writ of certiorari to quash an order of the circuit court in its appellate capacity reversing the convictions of Luis Alvarez and ordering a new trial. We grant the petition and quash the opinion of the circuit court.
On September 20, 1998, Alvarez was stopped by a deputy sheriff for driving a motorcycle at 115 m.p.h. in a 50 m.p.h. zone. Alvarez told the deputy that he was Apollo Alvarez (his brother). The deputy asked Alvarez to perform several field sobriety exercises based on the belief that he was driving under the influence of alcohol (DUI). These tests included the standing balance test, where Alvarez was asked to put his feet together and his hands at his sides, to close his eyes, tilt his head back, estimate the passage of thirty seconds and then tell the deputy to stop. The deputy testified that Alvarez could not keep his feet together or his hands at his sides and felt that seven or eight seconds was thirty seconds.
Alvarez was arrested and charged in Monroe County Court with driving while license suspended, DUI with prior conviction, no motorcycle endorsement and obstruction of an officer without violence. Alvarez filed a motion to suppress the standing balance test, which was denied. He pled guilty to driving while license suspended and no motorcycle endorsement and was found guilty by a jury of DUI and obstruction of an officer without violence.
On direct appeal, Alvarez contended that the trial court erred in denying his motion to suppress the standing balance test. The circuit court reversed his conviction holding that Alvarez was in custody at the time the tests were admitted and that because the test required a verbal response the Fifth Amendment of the Constitution of the United States was implicated and Miranda[1] warnings should have been given.
We grant the state’s petition because the decision of the appellate division of the circuit court constitutes a departure from the essential requirements of law. See Combs v. State, 436 So.2d 93 (Fla.1983). In State v. Whelan, 728 So.2d 807 (Fla. 3d DCA 1999), this Court held that no Miranda warnings need be given prior to the administration of roadside sobriety tests, so long as the motorist is not in custody. In Whelan, this Court said:
We must begin by considering the rules applicable to an ordinary roadside traffic stop. In such a stop, “persons temporarily detained ... are not ‘in custody’ for purposes of Miranda.” Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), see Pennsylvania v. Bruder, 488 U.S. 9, 11, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988); State v. Marshall, 695 So.2d 719, 721 (Fla. 3d DCA 1996), opinion adopted, 695 So.2d 686, 687 (Fla.1997). Miranda warnings need not be administered, and statements made in response to the police officer’s questions at roadside are admissible. See Berkemer, 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317.
Id. at 809 (footnotes omitted). In Whelan, the defendant was handcuffed and the state conceded that he should be viewed as having been “in custody” for Miranda purposes. In the present case, the state argues that Alvarez was not in custody because this was an ordinary traffic stop as defined in Whelan. We agree.
Because Alvarez was not in custody, it was not necessary to read him his Miranda rights. Accordingly, the motion to suppress the results of the roadside sobri *1062 ety tests administered in this case was correctly denied by the trial judge.
The state’s Petition for Writ of Certiora-ri is granted. The opinion of the appellate division of the circuit court is quashed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).