GREEN, J.
The Department of Highway Safety and Motor Vehicles (“Department”) petitions this court for certiorari review of a circuit court order which quashed the Depart- *1024 merit’s suspension of Anthony Bello’s driver’s license. We grant the petition and quash the order of the circuit court for the reasons which follow.
On August 20, 1999, Trooper Diaz of the Florida Highway Patrol responded to the scene of a two-vehicle automobile accident in Monroe County. Upon his arrival at the scene, the trooper observed a black Ford with four female occupants and a white Chevrolet occupied solely by Bello. The trooper determined that the Chevrolet had turned in front of the Ford causing the Ford to crash into the right side of the Chevrolet. When the trooper made contact with Bello, he noticed that Bello’s eyes were bloodshot, speech was slurred, and his breath smelled of alcohol After citing Bello for failure to yield at an intersection, the officer told Bello that the accident investigation had been completed and that the investigation had moved on to a criminal investigation. Bello was immediately given his Miranda rights.
After the reading of his rights, Bello admitted to driving the Chevrolet north on U.S. 1 en route to a Winn-Dixie store. Bello then refused to answer any further
questions by the trooper. The trooper subsequently asked Bello to perform field sobriety exercises which Bello refused. Bello was arrested for driving under the influence (“DUI”).
Bello was taken to a substation of the Monroe County Sheriffs Office where he read Florida’s Implied Consent Warnings. Bello refused to take a breath test. Trooper Diaz cited Bello for DUI with property damage. Bello’s driving privilege was then suspended for his refusal to take a breath test pursuant to section 322.2615, Florida Statutes (1999).[1]
Bello timely filed a request with the Department for an administrative formal review of his driver’s license suspension pursuant to section 322.2615(l)(b)(3).[2] The hearing officer determined that there was sufficient evidence to sustain the suspension, and an order was issued suspending Bello’s driving license for one year. Bello then filed a petition for writ of certiorari with the circuit court. The circuit court, relying on State v. Marshall, 695 So.2d 686 (Fla.1997)[3], reversed the order of suspension finding that “the identification of the *1025 driver was determined during the accident investigation.” The Department filed the instant petition for certiorari review of the circuit court’s order.
We grant certiorari and quash the order under review, because the circuit court departed from the essential requirements of law when it reweighed the evidence and ignored evidence that supported the findings of the hearing officer. See Metropolitan Dade County v. Dusseau, 725 So.2d 1169, 1171 (Fla. 3d DCA 1998), approved in part & quashed in part on other grounds, Dusseau v. Metropolitan Dade County Bd. of County Comms’rs, 794 So.2d 1270, 1275 (Fla.2001). The record evidence at Bello’s formal review established that Trooper Diaz had completed the accident investigation and made it clear to Bello that a criminal investigation was beginning. Bello was then read his Miranda rights. After his rights were read to him, Bello admitted to operating the Chevrolet. Specifically, the following questions were asked by the trooper and answered by Bello:
Q. Were you operating a vehicle?
A. Yes
Q. Where were you going?
A. Winn-Dixie
Q. What street or highway were you on?
A. U.S. 1
Q. Direction of Travel?
A. North
Q. Where did you start from?
A. Plantation By The Sea
These answers provided Trooper Diaz with independent evidence that Bello was the driver of the Chevrolet involved in the accident. See State v. Marshall, 695 So.2d at 686 (“once the accident investigation ends and the criminal investigation begins, the accident report privilege is not applicable.”). Once the criminal investigation independently established Bello to be the driver, his refusal to submit to the breath test constituted a valid reason to suspend his license. See § 322.2615(l)(a), Fla. Stat.
Accordingly, we grant certiorari, quash the order under review, and direct the circuit court to enter an order affirming the suspension.
Petition granted.

.That section provides in pertinent part:
A law enforcement officer or correctional officer shall, on behalf of the department, suspend the driving privilege of a person who has been arrested by a law enforcement officer for a violation of s. 316.193, relating to unlawful blood-alcohol level or breath-alcohol level, or of a person who has refused to submit to a breath, urine, or blood test authorized by s. 316.1932. The officer shall take the person's driver’s license and issue the person a 10 day temporary permit if the person is otherwise eligible for the driving privilege and shall issue the person a notice of suspension. If a blood test has been administered, the results of which are not available to the officer at the time of the arrest, the agency employing the officer shall transmit such results to the department within 5 days after receipt of the results. If the department then determines that the person was arrested for a violation of s. 316.193 and that the person had a blood-alcohol level or breath-alcohol level of 0.08 or higher, the department shall suspend the person’s driver’s license pursuant to subsection (3).
§ 322.2615(l)(a), Fla. Stat. (1999).

. Section 322.2615(l)(b)(3) provides:
The driver may request a formal or informal review of the suspension by the department within 10 days after the date of arrest or issuance of the notice of suspension, whichever is later.

. In State v. Marshall, our supreme court held that any statement made during an accident investigation is subject to the accident report privilege; s. 316.066(4), Fla. Stat. (1999); and cannot be used against a driver in a subsequent criminal investigation. 695 So.2d at 721.