867 So.2d 418 (2003)
Stella ALEXANDER, Appellant,
v.
PENSKE LOGISTICS, INC. and Penske Leasing Corp., L.P., Appellees.
No. 3D02-2793.
District Court of Appeal of Florida, Third District.
December 24, 2003.
Rehearing, Rehearing and/or Certification Denied March 30, 2004.
*419 Mandina & Ginsberg and Marc Ginsberg, Miami Lakes, for appellant.
Nicklaus & Hyatt, Coral Gables; Deutsch & Blumberg and James C. Blecke, Miami, for appellees.
Before COPE, GODERICH and FLETCHER, JJ.
Rehearing, Rehearing En Banc and/or Certification Denied March 30, 2004.
COPE, J.
Stella Alexander, as personal representative of Michael Alexander, appeals a defense verdict in a wrongful death action. We affirm.
The decedent was a Monroe County deputy sheriff who was killed in a collision when he pulled out from a side street onto U.S. 1 in the Florida Keys. His car was struck broadside by a truck traveling on the highway.
The estate sued the appellees, one of whom is the owner and the other, the operator, of the truck. From a defense verdict, the estate has appealed.
The main contention on appeal is that the testimony of the Florida Highway Patrol traffic homicide investigator should have been excluded. The Highway Patrol trooper was found to be qualified as an expert in accident reconstruction. Based on his work at the scene of the accident, he offered his opinion that the deputy pulled out into the highway when the truck was so close that the truck driver did not have time to avoid the collision. Privately retained accident reconstruction experts testified for both sides as well.
The plaintiff estate first argues that, as a matter of law, a law enforcement officer cannot be allowed to testify as an *420 expert because the jury will give the law enforcement officer's testimony undue weight. We reject this argument, as there is no such rule of exclusion. When a law enforcement officer has been properly qualified as an expert, the officer may testify to matters that are within the officer's expertise. See Segarra v. Mellerson, 675 So.2d 980, 982 (Fla. 3d DCA 1996); Gulley v. Pierce, 625 So.2d 45, 50 (Fla. 1st DCA 1993). If a litigant is concerned that jurors will give undue weight to the testimony of a law enforcement officer, that is a matter to be explored on voir dire, but is not a basis for exclusion of the witness or his testimony.
The estate argues, however, that the Highway Patrol trooper's testimony in this case effectively told the jurors that the truck driver did not receive a ticket, and therefore the expert testimony should have been excluded. We likewise reject this argument.
The estate relies on cases holding that "questions suggesting that a driver has been charged with a traffic violation in connection with an accident constitute prejudicial error." Penske Truck Leasing Co., LP v. Moore, 702 So.2d 1295, 1298 (Fla. 4th DCA 1997) (citations omitted); see also Hernandez v. State Farm Fire and Cas. Co., 700 So.2d 451, 452 (Fla. 4th DCA 1997); Spanagel v. Love, 585 So.2d 317, 318 (Fla. 5th DCA 1991). The logic is that the officer's decision to give a ticket is simply a decision to charge someone with a violation of the traffic laws, but a charge of a law violation does not amount to an adjudication of guilt. The fact of the charge therefore is unduly prejudicial to place before the jury.
In the present case the trooper was never asked whether the truck driver received a ticket or not. At trial the trooper testified about his analysis of the accident scene. The rule against disclosing "who got the ticket" cannot be extended to prohibit the offering of otherwise proper expert testimony by a law enforcement officer in a traffic accident case.
The estate next argues that the expert testimony should have been excluded under the accident report privilege of subsection 316.066(4), Florida Statutes (2002). While most of the trooper's work was based on physical measurements at the accident scene, he also conducted a post-Miranda[1] interview of the truck driver. The estate reasons that the interview with the truck driver was privileged under the accident report privilege, and that any expert opinion based thereon would be subject to exclusion under the accident report privilege. The estate's analysis is mistaken.
After the accident in this case, two Highway Patrol troopers came to the scene. Trooper Glenn conducted the accident investigation. Trooper Tierney was assigned to perform the traffic homicide investigation. The two officers performed their work independently of each other. Two separate reports were filed, an accident report and a traffic homicide report.
Trooper Tierney is the one who performed the traffic homicide investigation. At the trial, the court found him to be qualified as an expert in accident reconstruction. Trooper Tierney did not perform the accident investigation or use its results. Tierney administered Miranda warnings to the truck driver, and the truck driver waived his Miranda rights. No accident report privilege attached to the statements made by the truck driver to Trooper Tierney. See State v. Marshall, 695 So.2d 686 (Fla.1997).
*421 The estate points out that in Hammond v. Jim Hinton Oil Co., Inc., 530 So.2d 995 (Fla. 1st DCA 1988), the First District held the accident report privilege applied to a traffic homicide report. Id. at 997. We distinguish that case because the Florida Supreme Court's later pronouncements in Marshall and State v. Norstrom, 613 So.2d 437, 440-41 (Fla.1993), are controlling and supersede Hammond to the extent of any inconsistency. In Marshall the court said:
To clarify our decision, we emphasize that the privilege granted under section 316.066 is applicable if no Miranda warnings are given. Further, if a law enforcement officer gives any indication to a defendant that he or she must respond to questions concerning the investigation of an accident, there must be an express statement by the law enforcement official to the defendant that "this is now a criminal investigation," followed immediately by Miranda warnings, before any statement by the defendant may be admitted.
State v. Marshall, 695 So.2d at 686 (quoting Norstrom). We follow Marshall and Norstrom here.
We have carefully considered the estate's remaining points on appeal and find no error to have been shown. The jury instruction was correct, and the trial court acted within its discretion in its remaining rulings.
Affirmed.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).