IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.

      Case No.  5D21-2866
      LT Case No. 05-2018-CT-017891-A-X

ASHLY DANIEL JOHNSON,

      Appellee.

_____/

Opinion filed May 5, 2023

Nonfinal Appeal from the County Court
for Brevard County,
Kathryn C. Jacobus, Judge.

Ashley Moody, Attorney General, Tallahassee, and Richard Alexander Pallas, Jr., Assistant Attorney General, Daytona Beach, for Appellant.

Bryan D. Savy, of Bross & Savy, PLLC, West Melbourne, for Appellee.

LAMBERT, C.J.

      The question that we address in this appeal is whether, when there is

reasonable suspicion that a defendant has committed the criminal offense of

driving while under the influence of alcohol to the extent that his normal faculties were impaired ("DUI"), the State must first establish that the defendant freely and voluntarily consented to performing field sobriety exercises ("FSE")[1] as a predicate to their admissibility into evidence. The trial court determined that the State was required to establish such consent and, having concluded that the State failed to do so, entered the order now on appeal suppressing evidence of Appellee's performance on the FSE's. We reverse.

ANALYSIS—

In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court held that certain investigative stops by law enforcement officers are permissible under the Fourth Amendment of the United States Constitution when based on the officer's reasonable suspicion that criminal activity is afoot. Here, during a traffic stop of Appellee, the law enforcement officers believed that reasonable suspicion existed that Appellee had committed a

---

[1] FSE's involve a suspect performing certain noninvasive and commonplace acts. *See State v. Burns*, 661 So. 2d 842, 843, 848 (Fla. 5th DCA 1995) (noting that the FSE's in the case included (1) the recitation of the alphabet in a non-rhythmic fashion while standing with one's feet together, hands at the side, and head back; (2) standing on one leg and counting; (3) walking heel-to-toe for a certain distance; and (4) touching one's finger to the nose, and explaining that "having a defendant perform the field sobriety test on videotape [is] really nothing more than the collection and preservation of physical evidence").

DUI. As a result, they directed Appellee to perform specific FSE's, which he did.

Appellee later moved to suppress the evidence of his performance on these FSE's. He argued that, while the officers did not have to inform him of a right to refuse to perform the FSE's, nevertheless, absent a showing of his voluntary consent, the evidence regarding the FSE's was inadmissible as being violative of the Fourth Amendment's proscription against unreasonable searches and seizures. Appellee maintained that he merely acquiesced to law enforcement authority and thus, since his voluntary consent was lacking, the evidence of his performance of the FSE's was inadmissible at trial. During the evidentiary hearing held on Appellee's motion, the court found that, while reasonable suspicion existed that Appellee had committed a DUI, Appellee did not voluntarily consent to performing the FSE's. Resultingly, the court granted Appellee's motion to suppress.

The dispositive issue before us involves a question of law—whether a defendant's consent to performing the FSE's is required once there is a reasonable suspicion that the defendant committed a DUI—therefore, our standard of review is de novo. *See Allenbrand v. State*, 283 So. 3d 969, 970 (Fla. 2d DCA 2019) ("On appeal, our review of a ruling on a motion to suppress regarding the application of the law to the facts is de novo." (citing *State v. Teamer*, 151 So. 3d 421, 425 (Fla. 2014))); *All S. Subcontractors,*

3

*Inc. v. Amerigas Propane, Inc.*, 206 So. 3d 77, 80 (Fla. 1st DCA 2016) ("De novo review simply means that the appellate court is free to decide the question of law, without deference to the trial judge, as if the appellate court had been deciding the question in the first instance." (quoting Phillip J. Padovano, *Florida Appellate Practice* § 19.4 (2015 ed.))).

In *State v. Liefert*, 247 So. 2d 18 (Fla. 2d DCA 1971), our sister court addressed a substantially similar question. Citing to *State v. Mitchell*, 245 So. 2d 618 (Fla. 1971), the Second District Court held that when a police officer has sufficient cause to believe that the defendant had committed a DUI, a defendant's consent to taking "physical sobriety tests" is immaterial, and the officer could require the defendant to take part in such tests. 247 So. 2d at 19. We agree with the Second District Court and specifically reject Appellee's argument here that the State bears an evidentiary burden of showing that a defendant voluntarily submitted to performing FSE's.

Our supreme court's later decision in *State v. Taylor*, 648 So. 2d 701 (Fla. 1995), supports our conclusion. In *Taylor*, a law enforcement officer pulled the defendant over and quickly developed reasonable suspicion to believe the defendant was committing a DUI. *See id.* at 702. The defendant inquired if he was going to be asked to perform field sobriety tests. *Id.* When the officer said yes, the defendant refused. *Id.* at 703. At that point, the

4

officer informed the defendant that there could be "adverse consequences" to refusing to perform the tests; but the defendant maintained his refusal. *Id.*

The county court suppressed the refusal, ruling that the defendant "had not been told the tests were compulsory or that refusal would have adverse consequences." *Id.* The circuit court reversed; but the district court quashed the circuit court's order, ruling that "it would be unfair to admit an individual's refusal to submit to a test as circumstantial evidence of his consciousness of guilt where he was not advised of the consequences attaching to his refusal." *Id*. (citation omitted).

On review, the Florida Supreme Court quashed the decision of the district court and held that the "refusal to take the field sobriety tests was not elicited in violation of [the defendant's] statutory or constitutional rights and its use at trial does not offend constitutional principles." *Id.* at 705. Pertinent here, the court reasoned that, once an officer obtains reasonable suspicion of a DUI,

> [t]he officer was entitled . . . to conduct a reasonable inquiry to confirm or deny that probable cause existed to make an arrest. [The officer's] request that [the defendant] perform field sobriety tests was reasonable under the circumstances and did not violate any Fourth Amendment rights.

*Id.* at 703–04.

Notably, nothing in *Taylor* suggests that upon the existence of a reasonable suspicion of a DUI, law enforcement officers must thereafter gain consent before directing a driver to undergo FSE's. Neither *Taylor* nor the Fourth Amendment requires the officer at roadside to warn the motorist of a "right" to refuse to perform FSE's, *State v. Whelan*, 728 So. 2d 807, 811 (Fla. 3d DCA 1999), which is seemingly in direct conflict with Appellee's argument here that he has a right to refuse to perform FSE's and thus his consent was required before giving up this "right." Stated somewhat differently, if consent is necessary, then it would logically follow that a person could exercise the right to refuse to participate in FSE's without consequences, which *Taylor* holds is not the case.

Accordingly, based on *Liefert* and the analysis in *Taylor*, we hold that when reasonable suspicion exists that a defendant has committed a DUI, the defendant can be required to perform FSE's and consent is immaterial. The trial court's suppression order is reversed, and this case is remanded for further proceedings.

REVERSED and REMANDED.

EDWARDS and EISNAUGLE, JJ., concur.